Commonwealth *v*. Michaels.

COMMONWEALTH *vs.* CHARLES MICHAELS.

No. 95-P-511.

Middlesex. November 8, 1995. - January 23, 1996.

Present: PERRETTA, DREBEN, & JACOBS, JJ.

*Practice, Criminal*, Probation, Revocation of probation. *Due Process of Law*, Hearing, Probation revocation.

A District Court judge did not make adequate findings or assert sufficient reasons to support the revocation of a defendant's probation, nor did the record demonstrate that the judge received any evidence bearing on the defendant's conduct while on probation; further, the defendant did not receive notice that an alleged default was a ground for seeking revocation of his probation: the case was remanded for further proceedings. [647-650]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on May 12, 1994.

A proceeding for revocation of probation was heard by *Arthur Sherman, J.*

*James M. Hankin* for the defendant.

*Marian T. Ryan*, Assistant District Attorney, for the Commonwealth.

DREBEN, J. On June 13, 1994, after pleading guilty to violating a protective order issued in Cambridge under G. L. c. 209A, the defendant was sentenced to one year in the house of correction, sentence suspended for one year. On October 5, 1994, the probation department issued a "Notice of Surrender and Hearing(s) for Alleged Violation(s) of Probation." The violations listed were: "Somerville Court A&B 209A Subsequent Convictions Conditions fail to comply with existing Court orders and stay away orders."[1] A hearing was held on November 15, 1994, at which time a judge revoked

---

[1]The complete list of probation conditions imposed on the defendant in Cambridge does not appear in the record.

the defendant's probation, vacated the suspended sentence, and ordered the defendant committed to the Middlesex house of correction for one year, time to be served from and after a sentence the defendant was serving on an unrelated matter.

The defendant appeals, claiming that the judge failed to make adequate findings or to assert sufficient reasons to support the revocation of probation. We agree and remand the case for further proceedings.

The written findings of the judge appear in the spaces provided on a form entitled "Probation Revocation Proceedings, Findings and Orders." Beneath the printed words "I hereby make a final finding that defendant violated his or her probation in the following respects," there were a number of boxes. The judge checked a box indicating "violation of the conditions of probation," and added:

"Probationary status from Somerville Dist. Ct. Revoked & sent. placed in effect. (2 cases)."

Under the printed words, "Included in the evidence upon which I rely is the following," the judge inserted:

"Issuance of 209A order — and violation of probation with subsequent commitment by Somerville Dist. Ct. (Aug. 23, 1994). Court Record. Additional commitment for probation violation Somerville (Aug. 23, 1994). See certified copies attached."[2]

No other written findings were made.

The evidence at the probation revocation hearing in Cambridge consisted of the testimony of the defendant's probation officer. He testified that subsequent to June 13, 1994,

---

[2]The copies were not included in the appendix, and the panel requested counsel to obtain them. Counsel indicated that they had not been attached to the papers in Cambridge, but that they would again look. After oral argument, the assistant district attorney submitted papers from Somerville. The judge's comments at the Cambridge probation revocation hearing indicate the papers submitted to the panel were the papers before him. The papers, however, do not reveal what the alleged violations of the Somerville probation were, nor when they occurred.

another protective order had been issued against the defendant on the complaint of the defendant's grandmother. She was not the complainant who had obtained the Cambridge restraining order in the case at bar. The probation officer acknowledged that there was nothing to indicate that the defendant had violated the protective order in this case subsequent to his being placed on probation. Without indicating what the violations were or when they had occurred, the probation officer testified that the defendant had violated his probation in Somerville. He also testified that he "would suggest" that the defendant had "three convictions of a restraining order [*sic*] on his record." The dates of these convictions were not given.

The papers introduced at the Cambridge revocation hearing, see note 2, *supra*, indicate that the convictions on the Somerville offenses listed as violations in the "Notice of Surrender and Hearing(s) for Alleged Violation(s) of Probation" (assault and battery and violation of 209A order) preceded the sentencing in Cambridge (June 13, 1994). The only additional matter discussed at the Cambridge revocation hearing was the judge's comment that the defendant had been defaulted in Somerville. Cf. *Fay* v. *Commonwealth*, 379 Mass. 498, 504-505 (1980) (oral recitals of reasons when transcribed sufficient to satisfy written statement by fact finder).

We agree with the defendant that the findings are insufficient to justify the revocation of probation. The Commonwealth concedes that the issuance of a protective order at the behest of the defendant's grandmother does not provide a basis for revoking probation. See *Commonwealth* v. *Maggio*, 414 Mass. 193, 197-198 (1993) (bare fact of an indictment does not contain indicia of reliability sufficient to revoke probation).

The record does not show that the judge received any evidence bearing on the defendant's conduct other than the circumstance that probation had been revoked in Somerville and that the records of that court contained a notation of a default. That another court had revoked probation for unknown violations on unknown dates, which might have oc-

curred prior to the sentencing in this case, did not provide reliable evidence upon which the judge could have made a "principled decision" determining that the defendant violated his Cambridge probation. See *Commonwealth* v. *Durling*, 407 Mass. 108, 118 n.6 (1990); *Commonwealth* v. *Maggio*, 414 Mass. at 196. The revocation did not comport with the due process requirements for the revocation of probation. *Commonwealth* v. *Maggio, supra* at 196-198.[3] In addition, other factors make reliance on the Somerville revocation, without more, inappropriate. The conditions of probation in the Somerville matter may have been different from the conditions in the Cambridge case, and the record is barren concerning the nature of the revocation hearing in Somerville.[4]

Without knowing the circumstances of the Somerville default, the Cambridge judge could not properly rely on it to revoke probation. Moreover, the default was not listed as one of the violations in the "Notice of Surrender and Hearing(s) for Alleged Violation(s) of Probation."[5] Since the record "contains no indication that the defendant was aware" that this would be one of the grounds for revocation, "it cannot be concluded that the defendant had an adequate opportunity to present any meaningful" defense on this ground. *Commonwealth* v. *Maggio*, 414 Mass. at 196, 197.

In sum, on this record there was no basis for the judge to revoke the defendant's probation. Accordingly, the order revoking probation is vacated, and the case is remanded to the Cambridge Division of the District Court Department for

---

[3] For a detailed explanation of these requirements, which are based on *Morrissey* v. *Brewer*, 408 U.S. 471 (1972), and *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973), see *Commonwealth* v. *Durling*, 407 Mass. at 113, and *Commonwealth* v. *Maggio*, 414 Mass. at 196-198.

[4] We do not consider in what circumstances, if any, the principles of collateral estoppel might apply in a subsequent revocation proceeding to bar redetermination of matters litigated in a prior probation revocation proceeding. Cf. *Commonwealth* v. *Holmgren*, 421 Mass. 224, 225-228 (1995).

[5] The isolated phrase, "fail to comply with existing Court orders," contained in the notice of surrender, cannot fairly be read to provide notice that the Somerville default would be a ground for revocation. The defendant has not raised, and we do not consider, the issue of the adequacy of the notice of surrender as to the other alleged violations.

further proceedings to determine whether the defendant was in violation of the conditions of probation.

*So ordered.*