COMMONWEALTH *vs.* MATTHEW STREETER.[1]

No. 99-P-720.

Suffolk. April 14, 2000. - September 26, 2000.

Present: PERRETTA, LAURENCE, & DUFFLY, JJ.

*Moot Question. Practice, Criminal,* Revocation of probation. *Due Process of Law,* Probation revocation, Notice.

An appeal from an order revoking probation on a sentence to a house of correction was not moot by reason of the defendant having served the term of his probation, where the decision to revoke probation had potential collateral consequences in any future criminal proceedings. [130-131]

The record of a probation revocation proceeding demonstrated that the defendant never received written notice of the alleged probation violations so that he might be able to prepare a meaningful defense: the violation of the defendant's due process rights mandated that the order revoking the defendant's probation be reversed. [131-132]

COMPLAINT received and sworn to in the West Roxbury Division of the District Court Department on October 30, 1995.

A proceeding for revocation of probation was heard by *Kathleen E. Coffey,* J.

*Jean C. LaRocque* for the defendant.

*Dean A. Mazzone,* Assistant District Attorney, for the Commonwealth.

DUFFLY, J. Matthew Streeter, the defendant, appeals from a District Court order revoking probation on his sentence. He argues that his constitutional right to due process was violated because (1) he did not receive written notice of his alleged probation violations; (2) the evidence used against him was not disclosed prior to the revocation hearing; (3) he was not given the opportunity to be heard and to present witnesses; and (4) he was denied the right to confront and cross-examine witnesses.

---

[1]This decision was originally released pursuant to the court's rule 1:28, on July 28, 2000, 49 Mass. App. Ct. 1120, but is being reissued in the present, substantially unchanged form upon further consideration by the panel.

On November 29, 1995, the defendant was found guilty of possession of a class B substance with intent to distribute (count I) and unlawful possession of a class D substance (count II). With respect to count I, he was sentenced to two years in a house of correction, which was stayed until November 27, 1997. The defendant was placed on probation, and the probation order stated, inter alia, that he was to receive drug evaluation and treatment and was to "stay away from [the] Beechland [housing] projects." With respect to count II, the guilty finding was placed on file.

On April 22, 1997, a criminal complaint (docket number 9706CR1683) was issued charging the defendant with trespass at "Washington/Breen St." on April 20, 1997. A notice of surrender and hearing for alleged violation of probation issued on April 22, 1997, which set forth that the defendant was not in compliance with the terms of his probation because of a "new offense." The notice provided a date on which the alleged violation occurred ("4/22/97," indicating the date the complaint was filed) and a place ("W. Rox."), and under the date and place was inserted the notation "See Complaint."

On July 15, 1997, a second criminal complaint was issued, charging the defendant with assault and battery with a dangerous weapon at 19 Beechland Street. A notice of surrender and hearing for violation of probation also issued dated July 15, 1997, and was unsigned. Here, the alleged violation was indicated by a check mark next to the printed option "subsequent offense," and handwritten next to this option was the notation "4-22-97" and the docket number "97-1683" (the trespass complaint).

On September 10, 1997, a third notice of surrender and hearing for alleged violation of probation issued. Under "Alleged Violation(s)," a check mark indicated that the defendant was charged with a "subsequent offense." The notice did not set forth the nature of the subsequent offense or include any information about it.[2]

On March 10, 1998, a probation revocation hearing was held in the District Court. The judge found that the defendant had

---

[2]No criminal complaint in connection with this third notice of surrender appears in the record. The transcript indicates that "only two notices went out," but does not indicate which notices. Because we decide that only notice of the violation based on alleged trespass was given, and because the defendant makes no claim based on this issue, it requires no clarification.

violated the terms of his probation by committing assault and battery and by failing to stay away from the Beechland housing projects. Accordingly, the defendant's probation was revoked and his two-year sentence was imposed. The defendant now brings the present appeal.

The Commonwealth initially asserts that the defendant's appeal should be dismissed as moot because he has served the term of his incarceration, his conviction will not be affected by the outcome of this appeal, and the record does not set forth any collateral consequences adverse to him as a result of his probation revocation. The defendant counters that his appeal is not moot because the decision to revoke his probation does, in fact, have collateral consequences. Such consequences include decisions about bail, sentencing, and parole in future criminal proceedings.

"Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). In *Blake*, the court stated that the influence of a denial of early parole on future criminal proceedings was "insignificant, especially by comparison with the conviction and sentence, the action of the parole board on parole applications, if any, made by the plaintiff after he became eligible, and his actual prison record." *Ibid.* As such, the court concluded that the defendant's appeal from the denial of his application for early parole became moot when, during the pendency of the appeal, he was released from custody on the basis of time served and good-conduct credits accrued. At the same time, the court in *Blake* distinguished its factual scenario from those cases which involved parole or probation revocations. It recognized that "revocations could have future consequences serious enough to warrant judicial attention to challenges to their legality even though custody pursuant to the revocation had terminated. A parole revocation in itself implies a failure of the parolee to satisfy the obligations of conditional liberty; it has a far greater bearing on future administrative or judicial decisions than denial of early eligibility, especially since the latter denial may reflect a judgment on the seriousness of the underlying crime rather than about rehabilitative progress or suitability for parole." *Id.* at 704. See *Commonwealth* v. *Brown*, 23 Mass. App. Ct. 612, 615 (1987); *Commonwealth* v. *Smith*, 38 Mass. App. Ct. 324, 325 n.1 (1995) (where we noted that, as of the

date of appeal, "the defendant had completed all but one month of the sentence. A decision now cannot affect this sentence, but we do not know that its result may not affect the commencement date of later from-and-after sentences"). Compare *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 479-480 (1999), *S.C.*, 429 Mass. 1022 (1999) (recognizing in a probation revocation case that a revocation in a person's record "may have future administrative or judicial consequences," but deciding to pretermit a mootness question on the grounds that it had not been developed in the argument and the defendant had diligently pursued his claims). Contrast *Lane* v. *Williams*, 455 U.S. 624, 631-634 (1982) (parolees discharged from custody by the time the appeal was argued so questions of validity of parole revocation held moot).

We agree with the defendant that the decision to revoke his probation does involve at least potential collateral consequences. Pursuant to Mass.R.Crim.P. 28(d), 378 Mass. 898 (1979), a sentencing judge shall be informed of all prior criminal prosecutions of a defendant, and the disposition of each such prosecution, except where the defendant was found not guilty. This information may then be used for purposes of setting bail and imposing an appropriate sentence. In light of this procedure, the decision to revoke the defendant's probation could have an impact on any future criminal proceedings against him. Accordingly, we conclude that the defendant's appeal is not moot.

With respect to the merits of the defendant's appeal, the decision to revoke his probation was based upon the judge's findings that the defendant had violated a criminal law by committing assault and battery and had failed to comply with a special condition of his probation, namely that he stay away from the Beechland housing projects. However, it is clear from our review of the record that the defendant never received notice of these alleged probation violations so as to be able to prepare a meaningful defense.

The minimum due process protections that must be afforded a probationer at a final revocation proceeding include written notice of the claimed probation violations.[3] See *Commonwealth* v. *Maggio*, 414 Mass. 193, 195-197 (1993). See also *Morrissey*

---

[3]Although not controlling herein because it did not become effective until January 3, 2000, we note that rule 3(b)(ii) of the District Court Rules for Probation Violation Proceedings states that "[t]he Notice of Probation Violation and Hearing shall set forth the criminal behavior alleged to have been

v. *Brewer*, 408 U.S. 471, 488-489 (1972); *Commonwealth* v. *Durling*, 407 Mass. 108, 112-113 (1990); *Commonwealth* v. *Faulkner*, 418 Mass. 352, 360 (1994); *Commonwealth* v. *Michaels*, 39 Mass. App. Ct. 646, 649 (1996). In the present case, none of the three notices of alleged probation violations stated that the defendant had been charged with assault and battery. The Commonwealth has conceded as much in its memorandum of law before this court. Moreover, none of the three notices of alleged probation violations stated that the defendant had failed to comply with the special condition of his probation that he stay away from the Beechland housing projects. The only alleged probation violation of which the defendant was informed was set forth in the first notice of surrender and hearing, issued on April 22, 1997, and was for trespass. However, the complaint for this offense was dismissed at the request of the Commonwealth.

We conclude that the defendant's constitutional right to due process was abridged during the revocation proceeding because he did not receive written notice of the alleged violations which ultimately resulted in the revocation of his probation. Accordingly, the order of the District Court revoking probation on the defendant's sentence is reversed.

*So ordered.*

---

committed by the probationer as indicated in the criminal complaint, and shall set forth any other specific conditions of the probation order that the Probation Department alleges have been violated with a description of each such alleged violation."