NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-743

COMMONWEALTH

vs.

GABRIEL CABAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The probationer, Gabriel Caban, appeals from an order revoking his probation based on a finding that he committed assault and battery on a family member, his mother.  On appeal, Caban first argues that he was given improper notice of the alleged violation and that the clerk-magistrate at his initial violation hearing abused her discretion by relying on multilevel hearsay.  He then argues that the Superior Court judge at the final violation hearing abused her discretion by relying on multilevel hearsay and that use of this hearsay violated his confrontation rights.  Seeing no prejudicial error or abuse of discretion at either stage, we affirm.

Background.  Caban began serving a three-year term of probation in October 2021.  In May 2023, Caban received a notice of an alleged probation violation which stated the basis as "New Arrest BMC Dorchester District Court -- A@B Family/Household Member."  A clerk-magistrate held an initial hearing at which a probation officer testified that Caban's mother had told State troopers that Caban had come home drunk, kicked in her door, grabbed her by the arms, and shaken her violently.  Caban argued to the clerk-magistrate that he had not been arraigned (and, implicitly, that he had not been arrested) on any charge of assault and battery on a family or household member.  But he agreed that the probation department could seek to revoke his probation based on criminal conduct even if he had not been arraigned for that conduct.  The clerk-magistrate found probable cause of a violation and ordered Caban held without bail until a final violation hearing.

In June 2023, that hearing was held, and State Trooper Cynthia Pham testified.  She stated that she had interviewed Caban's mother with the assistance of the mother's social worker, who spoke both Spanish and English and served as their interpreter.  Trooper Pham also observed the mother's home where the alleged events occurred and assisted the mother in obtaining a restraining order against Caban.  Trooper Pham, who was present at the mother's restraining order hearing, recounted the

2

mother's testimony under oath at the restraining order hearing, as translated by a court-certified interpreter, that her son had come home drunk and shaken her violently.  Trooper Pham further testified that a restraining order had issued.  From the trooper's testimony, the judge found the mother's hearsay statements reliable and then found, by a preponderance of the evidence, that Caban had violated his probation by assaulting his mother.  The judge revoked Caban's probation and imposed a sentence of incarceration.

Discussion.  1.  Notice and initial violation hearing. Caban argues that his due process rights were violated at the initial violation hearing because he was not given sufficient notice of the alleged probation violation and because the clerk-magistrate abused her discretion in finding probable cause based on unreliable hearsay.  We conclude that these arguments do not entitle Caban to relief.

Caban does not dispute that he received a notice of an alleged probation violation; rather, he argues that the stated basis of the violation -- a new arrest for assault and battery on a family member -- was inadequate where he had not, in fact, been arrested or arraigned on such a charge.  In determining the adequacy of a violation notice, we inquire whether the defendant was adequately informed of the alleged violation "so as to be

3

able to prepare a meaningful defense."  Commonwealth v. Streeter, 50 Mass. App. Ct. 128, 131 (2000).

During the initial hearing, Caban acknowledged that his mother had sought[1] a restraining order against him, alleging that he "kicked in her door and violently shook her by the arms." Caban further agreed "one hundred percent" that a probation violation hearing could proceed based on alleged criminal conduct regardless of whether he had been arraigned.  See Rubera v. Commonwealth, 371 Mass. 177, 180-181 (1976) ("Any conduct by a person on probation which constitutes a violation of any of the conditions of his probation may form the basis for the revocation of that probation" [emphasis added]).

Caban also alerted the clerk-magistrate to multiple defenses that he anticipated raising at a final hearing, indicating that he was able to prepare meaningfully. Furthermore, Caban did not (and does not now) claim that he was prejudiced by the notice's erroneous reference to an arrest, rather than an incident reported to police.  Under these circumstances, the error in the notice does not entitle Caban to any relief.

---

[1] At the final hearing, Caban appeared to agree that the restraining order had issued.  Whether an order issued is not essential to our decision.

4

We are similarly unpersuaded that Caban suffered any prejudice from the reliance on hearsay to find probable cause. Caban later received a final hearing at which the judge took additional evidence, concluded by a preponderance of the evidence that Caban violated the conditions of his probation, and revoked his probation. He then received credit against his sentence for the time he spent in custody following the initial hearing. Because we conclude infra that the judge did not err or abuse her discretion in finally revoking Caban's probation, and because he received credit for the time served between the two hearings, his claim that the initial probable cause determination was based on unreliable hearsay is now moot. Even if there was error, he would not be entitled to any additional relief. See Lynn v. Murrell, 489 Mass. 579, 583 (2022) (case moot where "a ruling from this court on the issues that [the appellant] raises would offer no additional relief and would not alter either party's legal position"). Cf. Commonwealth v. Huggins, 84 Mass. App. Ct. 107, 109-110 (2013) ("Because the defendant went to trial and was found guilty, there is no basis for a claim of prejudice resulting from a pretrial determination of probable cause").

2. Final violation hearing. Caban further argues that the judge at the final violation hearing abused her discretion by relying on uncorroborated multilevel hearsay. He argues that

5

there was no good cause to dispense with the testimony of his mother or her social worker and that to find a violation based solely on Trooper Pham's testimony violated his confrontation rights.  We are not persuaded.

Evidence that is inadmissible under the rules of evidence may be admitted at a probation hearing if reliable.  See Commonwealth v. Durling, 407 Mass. 108, 118 (1990).  To evaluate whether the hearsay relied upon here had substantial indicia of reliability, so as to serve as the sole evidence of a violation, we turn to the factors listed in Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016).  These include the following:

> "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Id.  Not all of these criteria must be satisfied.  See Commonwealth v. Patton, 458 Mass. 119, 132-133 (2010).  A finding of a probation violation must be supported by a preponderance of the evidence, and we review a decision to revoke probation for abuse of discretion.  See Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023).

6

For substantially the same reasons as the judge outlined in her oral findings at the final hearing, we conclude that the hearsay statements which the judge used in reaching her decision had sufficient indicia of reliability:

> "I find that the hearsay is substantially reliable upon hearing the testimony that [Caban's mother] went to the Dorchester District Court, participated in and signed an affidavit under the pains and penalties of perjury. This was reviewed with [Caban's mother] who assisted or drafted, with the assistance of an interpreter, the affidavit which was also reviewed by the trooper. The trooper was present throughout these proceedings. Very significantly to this Court's determination, among the other significant aspects of the case, that the trooper was present when a Spanish interpreter was brought in live to the Dorchester District Court. That [Caban's mother] was placed under oath and during a direct conversation and testimony with a District Court Judge, while under oath with a Spanish interpreter present, relayed the information that establishes the violation of probation currently before the Court."

Caban's mother reported her son's assault both to Trooper Pham and in her testimony in the District Court, and her accounts were substantially internally consistent. Some of the details Caban's mother reported were corroborated by the trooper's personal observations. That Caban's mother reported the assault under oath, and through a court-certified interpreter, to the District Court judge, who then issued the restraining order, are circumstances that support the mother's veracity. The Superior Court judge did not abuse her discretion in ruling that the hearsay was substantially reliable.

Caban's arguments that his mother or the social worker should have been called to testify are likewise unavailing.  In a violation hearing, the probationer has the right to confront and cross-examine adverse witnesses unless good cause exists for proceeding without a witness with personal knowledge of the evidence.  See Durling, 407 Mass. at 113.  One way to satisfy this good cause requirement is by presenting reliable hearsay.  See Commonwealth v. Negron, 441 Mass. 685, 691 (2004).  Because the judge permissibly determined that the hearsay was reliable, the judge's finding of a probation violation based on the

trooper's testimony was proper under Hartfield, 474 Mass. at 484, and did not violate Caban's confrontation rights.[2]

Order dated July 24, 2023,
    revoking probation and
    imposing sentence affirmed.

By the Court (Massing,
    Sacks & Allen, JJ.[3]),

*Paul Little*

Clerk

Entered:   December 24, 2025.

---

[2] While the reliability of the hearsay alone is sufficient to support this conclusion, see Negron, 441 Mass. at 691, the judge also found additional reasons supporting good cause for the mother not to testify:  "[T]here are reasons why [Caban's mother] would not be before this Court including her difficulty with English, her demeanor which was testified to, as well as the existence, although we don't know the details, of a disability."

[3] The panelists are listed in order of seniority.