COMMONWEALTH vs. MICHAEL J. CHRISTIAN.

No. 98-P-265.

Norfolk. October 21, 1998. - March 16, 1999.

Present: ARMSTRONG, KASS, & BECK, JJ.

Further appellate review granted, 429 Mass. 1109 (1999).

*Moot Question. Practice, Criminal,* Probation, Revocation of probation, Post-conviction relief, Appeal.

A motion under Mass.R.Crim.P. 30(a) is the appropriate method to seek appellate review of an order revoking probation, and, if that is denied, an appeal may be taken from that order. [480-481]

A probationer's refusal to sign the document containing the conditions of his probation constituted a violation of that probation and was grounds for revocation; in any event, such signing would not have constituted a waiver of any right to move under Mass.R.Crim.P. 29 to amend the conditions. [481-482]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on December 6, 1995.

A proceeding for revocation of probation was heard by *Charles E. Black*, J.

*Robert V. Finneran* for the defendant.

*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

KASS, J. We consider (1) whether the defendant used correct procedure to seek review of the revocation of his probation; and (2) whether, after judgment of conviction, the conditions of probation are negotiable.

*History of proceedings.* Michael J. Christian, the defendant, placed a telephone call to the home of a former woman friend as to whom he was subject to a "no contact" order under G. L. c. 209A. To a charge of violating that c. 209A order, Christian entered a plea of guilty. A District Court judge on August 2,

1996, imposed a sentence of one year of probation.[1] The terms of probation were that he complete a specified counseling program for domestic violence offenders (EMERGE), and stay away from and have no contact with the complainant. While still in jail (he was being held on an unrelated charge), Christian's probation supervisor, Kimberly Gruenberg,[2] called upon him to review what was expected of him and to have him sign the conditions of probation for the purpose of memorializing that they had been made known to him. Gruenberg explained to Christian that should a further abuse prevention order under c. 209A issue against him, he would face a probation revocation proceeding.

Confusing conditions with consequence, Christian protested that the conditions were a trap. His former woman friend, he was certain, would fabricate further 209A complaints against him out of venom, and he would land in jail for it. Christian refused to sign the probation conditions form Gruenberg had proffered. Christian also remonstrated that he understood his 209A sentence was to run concurrently with a sentence imposed in the Boston Municipal Court and that the form he was being asked to sign did not reflect that. He asked to see his lawyer, but his lawyer had left the court house. Gruenberg left a message for the lawyer, informing him that Christian's refusal to sign the probation conditions violated his probation, that she had given Christian a notice so stating, and that there would be a revocation hearing on August 13, 1996.

On the morning of August 13, Christian was transported to Quincy District Court and placed in a holding cell. Gruenberg

---

[1] The record is not wholly clear as to whether the sentence was "straight" probation or a sentence of one year in the house of correction, suspended, with the defendant to be on probation. See *Commonwealth* v. *Durling*, 407 Mass. 108, 111 (1990). The difference does not bear on what we are required to decide, although it can be consequential. If a prison sentence has been imposed but suspended, violation and consequent revocation of probation require imposition of the sentence of incarceration. *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995). If there has been no sentence of imprisonment and the sentence is one of probation, the judge, in the event the probationer has violated a condition of probation, has discretion to consider alternatives to incarceration. Cf. *Buckley* v. *Quincy Div. of the Dist. Ct. Dept.*, 395 Mass. 815, 817 (1995).

[2] We follow the spelling of the probation supervisor's name as it appears in an affidavit of an appointed counsel for the defendant. In the transcript of probation surrender proceedings, the name appears as Groenberg, but the transcriber of the taped hearing notes her uncertainty about that spelling.

had in the meantime been in touch with Christian's lawyer and had been told Christian was prepared to sign the probation conditions form as drawn up. Court officers similarly advised her in the morning on August 13. She was, however, busy "in the session," and did not get around to seeing Christian until 3:30 P.M. When Gruenberg finally arrived, Christian was in high agitation, and his mood was exacerbated by Gruenberg having turned up accompanied by a transportation officer. "He looked at me," Gruenberg testified at the revocation hearing, "stated he did not want to talk to me — he wanted to see the judge." Gruenberg had been told before seeing him that Christian had gone "berserk in the cell block, nearly required being hog tied." Christian confirmed that the delay in seeing Gruenberg had made him "scared" and "nervous." Gruenberg tried to bring Christian before the judge in the session, but the judge chose not to see Christian without his lawyer. The matter now went over to August 20, 1996. On that date, there was an evidentiary hearing before a District Court judge — not the one who had originally placed Christian on probation — who found that Christian had violated his terms of probation, revoked that probation, and ordered service of the one-year sentence in the house of correction.

Thereupon Christian embarked on a poorly charted course through the world of posttrial and appellate litigation. Through counsel, Christian moved on September 20, 1996, to revise or revoke his sentence, a motion that was denied five months later, on March 4, 1997. Meanwhile, Christian on his own, i.e., pro se, moved on September 27, 1996, to withdraw his guilty plea and for a new trial, motions that were never acted on. He moved the following month "to reconsider violation of probation" and that motion was denied. On November 6, 1996, he tried that motion again and no action was taken on it. Christian's next pro se efforts, on January 14, 1997, were a motion for findings and reasons and a motion to dismiss probation surrender. Neither motion was acted on. Finally, on April 4, 1997, Christian had again the assistance of counsel, who filed on his behalf a motion entitled "Motion for a New Trial," although, as we shall see, that characterization was the consequence of a degree of confusion of mind. This motion was promptly denied.

1. *Mootness.* By now, Christian has served his one year and the appeal, to that degree, appears moot. Yet, a parole revocation in a person's record may have future administrative or

judicial consequences. *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 704 (1976). As in the case of a criminal conviction for which a defendant has served time, there may be collateral consequences. *Commonwealth* v. *Jones*, 382 Mass. 387, 395-396 (1981). In addition, Christian's efforts during his incarceration to raise the points now pressed on appeal are a study in frustration and susceptible of repetition, while evading review. As in *Commonwealth* v. *Brown*, 23 Mass. App. Ct. 612, 615 (1987), we incline "in the exercise of discretion to pretermit the mootness question, as it has not been developed in the argument and the defendant has long persisted in pressing his claims." See *Delaney* v. *Commonwealth*, 415 Mass. 490, 492 (1993). Contrast *Lane* v. *Williams*, 455 U.S. 624, 631-634 (1982) (parolees discharged from custody by the time the appeal was argued and questions of validity of parole revocation, therefore, held moot).

2. *Procedure for testing revocation of probation.* It is possible to appeal to an appellate court directly from the revocation of probation, as that is a final order. See *Younker* v. *District Ct. of Natick*, 374 Mass. 31, 36 n.11 (1977); *Commonwealth* v. *Durling*, 407 Mass. 108, 110-111 (1990). The better remedy is to move under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), for release from unlawful restraint. That proceeding is better because it has the benefit of potentially more swift relief from the trial judge who imposed sentence. The trial judge, by reason of familiarity with the case, is likely to be able to deal with it more understandingly and certainly more expeditiously. See *McCastle, petitioner*, 401 Mass. 105, 106-107 (1987). Rule 30(a) "consolidates the previously distinct procedures of habeas corpus and writ of error." See Reporters' Notes to Mass.R. Crim.P. 30, Mass. Ann. Laws, Rules of Criminal Procedure, at 291 (Lexis 1997).[3] Should the rule 30(a) motion be denied, the prisoner may then pursue an appeal from that order.

Christian's motion under rule 30(a), as we have noted, was captioned motion for a new trial and, indeed, the text began: "The defendant moves, pursuant to Mass.R.Crim.P. 30(a), that

---

[3]The opinion in *McCastle, petitioner*, 401 Mass. at 107, categorizes a rule 30(a) motion as the sole remedy for release from unlawful restraint. In *Averett, petitioner*, 404 Mass. 28, 30-32 (1989), that principle was modified, namely, that an individual claiming that his lawful sentence has expired, a matter about which the trial judge would have no special knowledge, may seek release through application for a writ of habeas corpus.

he be granted a new trial on the above entitled matter." Then came a second paragraph: "As reasons therefor, the defendant states that he is unjustly imprisoned and refers to his affidavit to provide more detail." The accompanying affidavit recited the misadventures that led to the revocation of Christian's probation.

In response to Christian's appeal here, the Commonwealth sniffs that the motion for a new trial was properly denied because controversies about postsentencing events are not a proper basis for a motion for a new trial. Quite so, but of course, the motion was not one for a new trial, as that is a motion under subparagraph (b) of rule 30 and Christian did not want a new trial; he wanted to be back on probation. The motion, by the time the reader gets to the second paragraph, turns out to be one for relief from unlawful restraint. We interpret a pleading in accordance with its substance, not its label, *Spring* v. *Geriatric Authy. of Holyoke,* 394 Mass. 274, 290 (1985), although in the hurly-burly of a District Court session, the caption and opening paragraph of Christian's motion were particularly likely to have a misleading effect.

3. *Consequence of refusal to sign probation form.* There is a suggestion in *Commonwealth* v. *Power,* 420 Mass. 410, 413 (1995), cert. denied, 516 U.S. 1042 (1996), that there are overtones of contract when a convicted prisoner signs assent to the conditions of probation. That opinion describes the defendant as having "affixed her signature to the written contract of probation." *Ibid.* By no means, however, are the defendant, on one side, and the judge, on the other, equal contracting parties. Under G. L. c. 276, § 87, a judge *may* place a person convicted of a crime on probation. *Buckley* v. *Quincy Div. of the Dist. Ct. Dept,,* 395 Mass. 815, 817-819 (1985). Probation after conviction is not an entitlement, but the result of a discretionary act of the sentencing judge, who employs probation for purposes of "rehabilitation of the probationer and protection of the public." *Commonwealth* v. *Power, supra* at 414. As a person convicted is not entitled to probation, it follows that same person is not in a position to negotiate the conditions of probation.[4]

It would have been better had the judge who presided over

---

[4]Conditions of probation may be a subject of negotiation in connection with a plea bargain, i.e., prior to sentencing. A trial judge may reject a proffered plea bargain, but if the judge accepts the bargain, the judge is bound to

Christian's revocation hearing inquired into what was eating him. Christian's concerns were not wholly irrational and could have been allayed while still adhering to the terms of probation. A cooperative disposition toward probation requirements is, however, a minimum requirement of the probationer. It was not an abuse of discretion for the judge to conclude that a refusal to acknowledge probation conditions constituted a violation of them and grounds for revocation. A probationer who is dissatisfied with a condition of probation is not without remedy. Acceptance of conditions of probation does not work a waiver of a probationer's right to move under Mass.R.Crim.P. 29, 378 Mass. 899 (1979), for an amendment to the conditions of probation. *Commonwealth* v. *LaFrance*, 402 Mass. 789, 791 n.3 (1988).

It has not escaped our notice that the judge who revoked Christian's probation was not the judge who sentenced him in the first instance and that the revocation proceedings had some flavor of a resentencing in that the judge at the revocation hearing heard statements about Christian's prior c. 209A and other convictions, matter that had been available to the original sentencing judge.[5] We take that to be peripheral matter because a ground did exist for revocation of Christian's probation and because Christian has completed his sentence.

As to the questions posed at the beginning of this opinion: (1) the preferred procedure by which to seek review of the revocation of probation is through a motion for release from unlawful restraint under Mass.R.Crim.P. 30(a); and (2) at the stage at which Christian attempted to debate the conditions of probation they were not negotiable and his refusal to sign the document stating the conditions of probation constituted a violation of probation for which a judge, in the exercise of discretion, could revoke his probation. The order of the judge revoking probation was not in error and is affirmed.

*So ordered.*

---

sentence in accordance with its terms. In the plea bargain context, probation conditions, indeed, take on the characteristics of a contract. Mass.R.Crim.P. 12(c), as amended, 399 Mass. 1215 (1987). Cf. *Commonwealth* v. *Santiago*, 394 Mass. 25, 28 (1985).

[5]To the extent possible, it is desirable that probation revocation hearings be heard by the judge who placed the defendant on probation in the first instance.