COMMONWEALTH vs. RALPH W. GOODWIN.

Suffolk. April 7, 2010. - September 17, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Global Positioning System Device. Supreme Judicial Court,* Superintendence
    of inferior courts. *Practice, Criminal,* Sentence, Probation, Revocation of
    probation. *Constitutional Law,* Double jeopardy.

There was no merit to a criminal defendant's contention that this court could
    not exercise its discretionary power under G. L. c. 211, § 3, to review a
    trial court judge's actions during a probation modification proceeding,
    where the Commonwealth, despite not filing a direct appeal, presented a
    substantial claim that the judge erred in concluding that she had no legal
    authority to add certain conditions of probation, and where the single
    justice reserved and reported the case to the full court. [14-15]
This court concluded that, in the absence of a finding of a violation of a
    condition of probation, a judge does not have the discretion to impose
    global positioning system (GPS) monitoring as an additional condition of
    probation where there is no material change in the defendant's circumstances,
    and where GPS monitoring, paired with geographic exclusions, is so puni-
    tive as to increase significantly the severity of the original probationary
    terms. [15-23] IRELAND, J., dissenting, with whom SPINA and COWIN, JJ.,
    joined.

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on November 17, 2009.

The case was reported by *Botsford,* J.

*Bethany Stevens,* Assistant District Attorney (*Deborah Berco-
vitch,* Assistant District Attorney, with her) for the Com-
monwealth.

*Beth L. Eisenberg,* Committee for Public Counsel Services
(*Jeannine E. Mercure* with her) for the defendant.

GANTS, J. Acting on a petition for relief brought by the Com-
monwealth under G. L. c. 211, § 3, a single justice of this court
reserved and reported the question "whether a judge has the
authority to impose a global positioning system (GPS) monitor-
ing device as an additional condition of probation in a probation

modification proceeding" where there was no finding of a violation of a condition of probation. We conclude that, unless a judge finds a violation of a condition of probation, a judge does not have the discretion to impose GPS monitoring as an additional condition of probation where there is no material change in the defendant's circumstances and where GPS monitoring, paired with geographic exclusions, is so punitive as to increase significantly the severity of the original probationary terms. Therefore, the judge was correct to deny the Commonwealth's request to modify the conditions of the defendant's probation to add GPS monitoring and geographic exclusion zones.

*Background.* On September 13, 1990, the defendant pleaded guilty in the Superior Court to three indictments charging rape of a child by force and one indictment charging kidnapping. On September 28, 1990, the judge sentenced the defendant to two concurrent State prison sentences of from ten to fifteen years on two of the rape convictions and a concurrent sentence of from nine to ten years on the kidnapping conviction. On the third rape conviction, the defendant received a sentence of from thirty to forty years in State prison, suspended for ten years, to be served from and after the committed sentences, with a special condition of probation that the defendant undergo psychiatric treatment. The defendant appealed from his sentence as to the third rape conviction and, after transferring the case from the Appeals Court, we concluded that the sentence was properly imposed. See *Commonwealth v. Goodwin,* 414 Mass. 88 (1993).

In our review, we summarized the facts of the defendant's case as outlined by the prosecutor before the sentencing judge:

> "The defendant had taken the victim, a seven year old boy, away from a social function the victim was attending with his parents by threatening to kill the victim if he refused to go along. The defendant first took the victim to an area underneath a bridge where an act of fellatio occurred. The defendant then brought the victim to the cellar of his (the defendant's) parents' house where other acts of fellatio were performed, and the defendant attempted to sodomize the victim. The victim was confined in the cellar overnight. The next morning the defendant committed an additional act of fellatio, after which the defendant

surreptitiously removed the victim from the house in a large cardboard box and sent him home in a taxicab."

*Id.* at 89.

Before the defendant's release from State prison in December, 2003, the Commonwealth filed a petition for his civil commitment as a "sexually dangerous person," G. L. c. 123A, and he remained in custody until he was found sexually dangerous on July 7, 2005, and was civilly committed. On June 9, 2009, after a jury found him no longer sexually dangerous under G. L. c. 123A, § 9, he was released from the treatment center and began serving the probationary term on his third rape conviction.

On June 18, 2009, the probation department sought modification of the defendant's probation conditions. Over the defendant's objection, the judge, who was not the original sentencing judge,[1] added probation conditions that the defendant have no contact with children under sixteen years of age and stay away from the victim.[2]

At a hearing on July 8, 2009, before another judge, the probation department requested that the defendant's probation be further modified to require him (1) to remain in the care of the Department of Mental Health (DMH) and comply with its treatment plan, including taking all prescribed medications and participating in sex offender treatment; and (2) to wear a GPS monitoring device and not enter certain exclusion zones that would include all parks, playgrounds, schools, and libraries. At a subsequent hearing on August 19, one day after the issuance of our decision in *Commonwealth* v. *Cory*, 454 Mass. 559, 572 (2009) (*Cory*), where we held that GPS monitoring is "punitive in effect" because of its "substantial burden on liberty," the judge modified the original probationary condition that the defendant receive psychiatric treatment to include compliance with all programs deemed appropriate for him by DMH, including any recommended sex offender treatment.[3] The judge,

---

[1]The original sentencing judge had left the Superior Court to serve as a judge of the United States District Court for the District of Massachusetts.

[2]The defendant did not appeal from the addition of these conditions.

[3]The judge also ordered the defendant to sign release forms, so that his probation officer could communicate freely with his various mental health providers to monitor his compliance with treatment obligations.

however, declined the probation department's request that the defendant wear a GPS device and be prohibited from entering the specified exclusion zones. The judge concluded for two reasons that she had "no legal authority" to add these conditions. First, she found "there is no change in circumstances . . . which would support the addition of GPS as a condition." Second, because GPS monitoring was declared to be "punitive in effect," *id.*, she indicated that, even if there were such a change in circumstances, it would "amount to ex post facto punishment" to add this condition where the defendant had not violated the terms of his probation.

The Commonwealth moved for reconsideration of the judge's refusal to add probation conditions concerning the GPS device and geographic exclusion zones. On October 9, 2009, the judge denied the motion in a written memorandum and order. The Commonwealth did not file a notice of appeal, but on November 17, 2009, it sought relief, under G. L. c. 211, § 3, from the judge's memorandum and order. The case having been reserved and reported by the single justice, we first address the defendant's contention that it is not properly before us, and then proceed to the merits.

*Discussion.* 1. *Appropriateness of relief under G. L. c. 211, § 3.* The defendant argues that relief under G. L. c. 211, § 3, is inappropriate because the Commonwealth could have, but did not, file a direct appeal in the Appeals Court of the judge's denial of its motion to add GPS monitoring and exclusion zones as a condition of probation, or of the judge's denial of its motion for reconsideration. Our discretionary power of review under G. L. c. 211, § 3, is extraordinary and may not be sought "merely as a substitute for normal appellate review." *McMenimen* v. *Passatempo*, 452 Mass. 178, 184 (2008), quoting *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995). A party seeking review under G. L. c. 211, § 3, must demonstrate both a substantial claim of violation of its substantive rights and an error that cannot be remedied under the ordinary review process. *McMenimen* v. *Passatempo*, *supra* at 185. Here, the Commonwealth presents a substantial claim that the judge erred in concluding that she had no legal authority to add GPS monitoring and exclusion zones as a condition of probation where there was no violation of probation. We need not decide whether this

alleged error could have been remedied under the ordinary review process because, "[w]here the single justice has, in [her] discretion, reserved and reported the case to the full court, we grant full appellate review of the issues reported." *Martin* v. *Commonwealth*, 451 Mass. 113, 119 (2008).[4]

2. *Modification of the defendant's probation conditions.* Probation is a legal disposition that conditions the release of a defendant on his compliance with conditions deemed appropriate by the sentencing judge. See *Commonwealth* v. *Durling*, 407 Mass. 108, 111-112 (1990). If a defendant violates one or more conditions of probation, a judge may revoke his probation and sentence him to a term of imprisonment for his underlying conviction, or return the defendant to probation, with new or revised conditions.[5] See *id.* Therefore, for a defendant, any condition of probation poses the risk that its violation may result in the revocation of probation and the end of his conditional release from imprisonment.

The two principal goals of probation are rehabilitation of the defendant and protection of the public. See *Commonwealth* v. *Pike*, 428 Mass. 393, 403 (1998); *Mariano* v. *Judge of Dist. Court of Cent. Berkshire*, 243 Mass. 90, 93 (1922) ("purpose [of probation] . . . is to enable the person to get on his feet, to become law abiding and to lead a useful and upright life under the fostering influence of the probation officer"). While these goals are intertwined, because a defendant who is rehabilitated is not committing further crimes, they remain distinct, because

---

[4]We also note, as counsel for the defendant acknowledged at oral argument, that the issue is of general importance, well briefed, and likely to recur. See *District Attorney for the Northwestern Dist.* v. *Eastern Hampshire Div. of the Dist. Court Dep't*, 452 Mass. 199, 203-204 n.9 (2008).

[5]Where a defendant is placed on "straight" probation, a judge finding a violation of a condition of probation has the discretion to impose any sentence that does not exceed the statutory maximum. See *Commonwealth* v. *Power*, 420 Mass. 410, 413-414 (1995), cert. denied, 516 U.S. 1042 (1996); G. L. c. 276, § 87. Where probation is coupled with a sentence of imprisonment, with execution suspended for the period of probation, a judge finding a violation of a condition of probation, if she orders any period of imprisonment, must impose the suspended sentence. See *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995); G. L. c. 279, § 1 ("When a person convicted before a court is sentenced to imprisonment, the court may direct that the execution of the sentence, or any part thereof, be suspended and that he be placed on probation for such time and on such terms and conditions as it shall fix").

a probation condition that protects the public from the defendant may not advance the likelihood of his rehabilitation. The success of probation as a correctional tool depends on judges having the flexibility at sentencing to tailor probation conditions to the circumstances of the individual defendant and the crime that he committed. *Commonwealth* v. *Lapointe*, 435 Mass. 455, 459-460 (2001).

Under Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), the power of a trial judge to revise or revoke a criminal disposition is severely limited. Under rule 29 (a), a trial judge may revise or revoke a sentence only on her own motion or the written motion of a defendant filed within sixty days after the imposition of sentence,[6] and "may not take into account conduct of the defendant that occurs subsequent to the original sentencing." *Commonwealth* v. *Barclay*, 424 Mass. 377, 380 (1997). However, the addition of reasonable conditions to a defendant's probation does not constitute a revision or revocation of a sentence under rule 29 (a). See *Buckley* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 815, 818-819 (1985) (*Buckley*).

Under our common law, a judge has authority to modify or add conditions of probation "to serve 'the ends of justice and the best interests of both the public and the defendant.' " *Id.* at 817, quoting *Burns* v. *United States*, 287 U.S. 216, 221 (1932).[7] Just as judges have considerable discretion at sentencing in establishing the terms of probation, they also have the discretion to modify those conditions "as a proper regard for the welfare, not only of the defendant but of the community, may require." *Buckley, supra* at 818, quoting *Commonwealth* v. *McGovern*, 183 Mass. 238, 240 (1903).

---

[6]If the case is appealed, the sixty-day limitation refers to the date of receipt of the rescript by the trial court of the affirmance of the judgment or dismissal of the appeal, or the date of entry of an order or judgment of an appellate court denying review or otherwise upholding the judgment. See Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979).

[7]There is no statutory authority for the postsentencing modification of probation conditions. See *Buckley* v. *Quincy Div. of the Dist. Court Dep't*, 395 Mass. 815, 817 (1985) (*Buckley*). Cf. 18 U.S.C. § 3563(c) (2006) ("court may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the conditions of probation").

Where a defendant has violated a condition of his probation, a judge's authority to modify or add conditions of probation is nearly unlimited should the judge decide not to imprison the defendant but to return him to probation.[8] See *Commonwealth v. Durling, supra.* In such cases, the defendant is essentially being sentenced anew on his underlying conviction, and the judge may impose any conditions of probation that could have been imposed at his original sentencing. See *Cory, supra* at 564 (sentence following probation revocation attributed to original conviction rather than violation of probation); *Commonwealth v. Wilcox,* 446 Mass. 61, 65 (2006).

Where, as here, a defendant has complied with his conditions of probation, a judge's authority under the common law to modify or add conditions of probation is significantly more limited. Where a probation condition is stated only in general terms, a judge may modify the condition to provide more detailed guidance to the defendant and probation officer as to what is required. See *Commonwealth v. Delisle,* 440 Mass. 137, 145 (2003) (where defendant originally required to participate in substance abuse counselling and therapy as ordered by probation department, modification to require defendant to attend particular program "only a specific directive predicated on the original condition that he participate in an unspecified program"). Similarly, where a condition is ambiguous, the judge may modify the condition to provide the necessary clarity. See *Commonwealth v. Power,* 420 Mass. 410, 421 (1995), cert. denied, 516 U.S. 1042 (1996) ("defendant is entitled to know what conduct is forbidden by her probation condition"); *Commonwealth v. Lally,* 55 Mass. App. Ct. 601, 603 (2002) ("probationers are entitled to reasonably specific conditions that provide clear guidelines as to what and when their actions or omissions will constitute a violation of their probation"). In both these circumstances, the scope of the original probation conditions is not changed; all that is added is specificity and clarity.

---

[8]The only limitation is that, where a probation condition infringes on a defendant's constitutional rights, it must be "reasonably related" to the goals of sentencing and probation. See *Commonwealth v. Lapointe,* 435 Mass. 455, 459 (2001); *Commonwealth v. Power, supra* at 414-415. See also *Commonwealth v. Pike,* 428 Mass. 393, 403-405 (1998) (banishment from Massachusetts does not serve rehabilitative goal, legitimate public safety goal, or deterrent purpose).

Where a defendant has performed so well on probation and made such rehabilitative progress that the conditions imposed on him should be relaxed, a judge may eliminate or modify a probation condition, even if this diminishes the scope of the original probation conditions. See generally 1 N.P. Cohen, Probation and Parole § 16:12, at 16-17 (1999).

A judge may add or modify a probation condition that will increase the scope of the original probation conditions only where there has been a "material change in the probationer's circumstances since the time that the terms of probation were initially imposed," and where the added or modified conditions are not so punitive as to significantly increase the severity of the original probation. *Buckley, supra* at 818-819 n.5, 820. See *Commonwealth* v. *Morales,* 70 Mass. App. Ct. 839, 844 (2007), quoting *Buckley, supra* at 818 n.5 ("Where a judge is asked to modify the conditions of probation, the judge retains the discretion to include additional reasonable restrictions consistent with the underlying basis for the modification, . . . so long as the modification of the terms is not 'so drastic' that it amounts to a revision of the terms of the sentence" [citation omitted]).[9,10] Because such

---

[9]In *Buckley, supra* at 816, the defendant was sentenced in the Dedham District Court but reported to the probation department of the Quincy District Court. The motion to modify probation conditions was heard in the supervisory District Court in Quincy rather than the sentencing District Court in Dedham. *Id.* at 816-817. Our holding that a material change in circumstances was needed for a judge to add a probationary condition that the defendant attend an alcohol abuse evaluation program was limited to modifications of probation by a supervisory court, not a sentencing court. *Id.* at 820. We did not "outline those situations in which the *sentencing* court might modify the terms of probation" (emphasis in original). *Id.* Where the probation department or the Commonwealth seeks to add or modify a defendant's conditions of probation without alleging a violation of a condition of probation, we expect that the motion will be heard by the sentencing judge, unless the judge is no longer sitting or is otherwise unavailable. Cf. *Commonwealth* v. *Christian,* 46 Mass. App. Ct. 477, 482 n.5, *S.C.,* 429 Mass. 1022 (1999) ("To the extent possible, it is desirable that probation revocation hearings be heard by the judge who placed the defendant on probation in the first instance"). We conclude that the same standard applies regardless whether the motion is heard by a sentencing judge or another judge. While we asserted in *Dunbrack* v. *Commonwealth,* 398 Mass. 502, 505-506 (1986), that "the *Buckley* case is inapposite" where the probation conditions were modified by the original sentencing judge, the modification there was not discretionary because the original terms of probation were unlawful. We address here only discretionary modifications of probation.

modification imposes new burdens on the defendant, even though he has not violated any condition of his probation, we require "proof of some basis for modification commensurate with the additional conditions." 1 N.P. Cohen, Probation and Parole, *supra* at § 16:12, at 16-18. Where a modified or additional condition is so punitive as to increase significantly the severity of the original probation, even a material change in circumstances is not sufficient under our common law to justify what is essentially a new, harsher sentence. See *Buckley, supra* at 818-819 n.5; *Commonwealth v. Morales, supra.* Cf. ABA Standards for Criminal Justice, Sentencing § 18-7.2, at 237 (3d ed. 1994) (sentencing court may modify conditions of sanction to fit present circumstances of offender, but modification "may not increase the overall severity of an offender's sentence").

There are two reasons for this limitation. First, the constitutional guarantee against double jeopardy protects a defendant not only against a second prosecution for the same offense after acquittal or conviction but also against "multiple punishments for the same offense." *Aldoupolis v. Commonwealth*, 386 Mass. 260, 271-272, cert. denied, 459 U.S. 864 (1982), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). See *Commonwealth v. Bruzzese*, 437 Mass. 606, 614 (2002). The double jeopardy clause " 'represents a constitutional policy of finality for the defendant's benefit' in criminal proceedings." *Aldoupolis v. Commonwealth, supra* at 274, quoting *United States v. Jorn*, 400 U.S. 470, 479 (1971) (plurality). See *United States v. Fogel*, 829 F.2d 77, 88 (D.C. Cir. 1987) ("primary purpose of the clause is to protect the finality of judgments"). After a sentence is final, the time to revise and revoke under Mass. R. Crim. P. 29 (a) having expired and any direct appeal having

---

[10]In *Commonwealth v. Morales*, 70 Mass. App. Ct. 839 (2007), the defendant, after the initiation of "sexually dangerous person" civil commitment proceedings against him, moved to modify the terms of his probation by asking for an additional probation condition — outpatient sex offender treatment — "partly for tactical reasons in anticipation of the imminent trial on the sexually dangerous person designation." *Id.* at 841. The judge allowed the motion to modify but, sua sponte, added additional conditions, including residential restrictions. *Id.* The Appeals Court held that the initiation by the Commonwealth of civil commitment proceedings was a material change in circumstances that justified the additional conditions, but the defendant, having sought a modification of the terms of his probation, was not entitled to strike the additional conditions after the defendant prevailed at the civil commitment trial. *Id.* at 846.

concluded, a defendant may not be sentenced again for that same conviction. *Aldoupolis* v. *Commonwealth*, *supra* at 274-275. Cf. *United States* v. *Fogel*, *supra* at 87 ("If a defendant has a legitimate expectation of finality, then an increase in that sentence is prohibited by the double jeopardy clause"); *Burns* v. *United States*, 552 F.2d 828, 831 (8th Cir. 1977) (general rule that Federal court cannot increase legal sentence once execution of sentence has begun). "In this Commonwealth, the subject of double jeopardy generally has been treated as a matter of common law rather than as a question under the Constitution of the Commonwealth." *Aldoupolis* v. *Commonwealth*, *supra* at 271 n.14, quoting *Commonwealth* v. *Therrien*, 383 Mass. 529, 532 (1981). Where a new or modified probationary condition is so punitive in effect that it significantly increases the severity of the original probation, we forbid such a punitive modification under our common law.[11] See *Buckley*, *supra* at 818-819 n.5; *Commonwealth* v. *Morales*, *supra* at 844. See also *Lippman* v. *State*, 633 So. 2d 1061, 1064 (Fla. 1994) ("double jeopardy protection against multiple punishments includes the protection against enhancements or extensions of the conditions of probation" unless probationary condition is violated).

Second, where a guilty plea is tendered in return for, and contingent on, a sentence recommendation, "the judge shall inform the defendant that he will not impose a sentence that exceeds the terms of the recommendation without first giving the defendant the right to withdraw his plea." Mass. R. Crim. P. 12 (c) (2), as appearing in 399 Mass. 1215 (1987).[12] The effect of the rule is to give defendants "pleading guilty pursuant to a

---

[11]We need not and do not consider when the addition or revision of a probationary term crosses the line to be in violation of the prohibition against double jeopardy in the Fifth Amendment to the United States Constitution, which is applicable to the States through the Fourteenth Amendment to the United States Constitution.

[12]Rule 12 of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1511 (2004), applies to cases initiated after its September 7, 2004, effective date, but this language has not changed. Similarly, in the District Court Department, even where a guilty plea is not conditioned on a sentencing recommendation, if the defendant requests a disposition at the time of the plea, "[t]he judge shall inform the defendant that the court will not impose a disposition that exceeds the terms of the defendant's request without first giving the defendant the right to withdraw the plea." Mass. R. Crim. P. 12 (c) (2) (B). This "defense capped plea" procedure also applies in the

sentencing bargain more certainty about their fate." Reporters' Notes (revised, 2004) to Mass. R. Crim. P. 12, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1428 (LexisNexis 2008-2009). Under this rule, where the recommendation includes conditions of probation, a judge may not add a new or modified probationary condition that is so punitive in effect that it significantly increases the severity of the recommended sentence without giving the defendant the opportunity to withdraw his plea. See *Commonwealth* v. *Christian*, 46 Mass. App. Ct. 477, 481 n.4, *S.C.*, 429 Mass. 1022 (1999) ("Conditions of probation may be a subject of negotiation in connection with a plea bargain, i.e., prior to sentencing. A trial judge may reject a proffered plea bargain, but if the judge accepts the bargain, the judge is bound to sentence in accordance with its terms"). As a result of this rule, a judge must "pay careful attention to dispositions involving probationary terms or a suspended sentence to ensure that they conform to the legitimate sentence expectation of the defendant." Reporters' Notes (revised, 2004) to Mass. R. Crim. P. 12, *supra* at 1429. See K.B. Smith, Criminal Practice and Procedure § 23.1, at 268 (3d ed. 2007). It would be unfair and contrary to the spirit of rule 12 (c) (2) for a judge to accept a plea bargain and impose the recommended sentence, and then, after the defendant has lost the opportunity to withdraw his plea, increase the sentence by adding a new or modified probationary condition so severe as to significantly increase the recommended sentence.

Here, the judge correctly found that there had been no material change in the defendant's circumstances after the terms of probation were initially imposed that would justify the proposed additional probation condition of GPS monitoring and exclusion zones. The defendant had spent the nineteen years since he was sentenced in 1990 either incarcerated or civilly committed, and had just been found by a jury to be no longer sexually dangerous. In the short time he was on probation, he was fully compliant with the conditions of his probation. As a probationer under "maximum supervision," he was meeting with his probation

Boston Municipal Court and the Juvenile Court Departments. See Reporters' Notes (revised, 2004) to Mass. R. Crim. P. 12, Mass. Ann. Laws, Rules of Criminal Procedure, at 1428 (LexisNexis 2008-2009); G. L. c. 119, § 55B; Dist./Mun. Cts. R. Crim. P. 4 (c) (LexisNexis 2008-2009).

officer once every two weeks and participating in various prescribed forms of daily mental health and sex offender treatment through the DMH. The probation department failed to identify any material change in his circumstances that suggested he was more sexually dangerous at the time of the modification hearing in 2009 than the sentencing judge would have understood him to be at the time of sentencing in 1990. Even if the earlier finding that he was a sexually dangerous person would constitute such a material change in circumstances, the more recent finding that he was not sexually dangerous neutralized that material change.

The judge also correctly concluded that, even with a material change in circumstances, the law did not authorize her to add GPS monitoring and exclusion zones, where neither monitoring nor geographic exclusion had been included as a probation condition by the sentencing judge. In *Cory, supra* at 570, we recognized that a GPS device burdens a defendant's liberty in two ways: "by its permanent, physical attachment to the offender, and by its continuous surveillance of the offender's activities." Wearing the device at all times is a "serious, affirmative restraint" that is "dramatically more intrusive and burdensome" than being required to register as a convicted sex offender, which itself is "continuing, intrusive, and humiliating." *Id.*, quoting *Doe, Sex Offender Registry Bd. No. 8725* v. *Sex Offender Registry Bd.*, 450 Mass. 780, 792 (2008). "To the extent that the ankle bracelet portion of the GPS device is potentially visible to the public, it may have the additional punitive effect of exposing the offender to persecution or ostracism, or at least placing the offender in fear of such consequences." *Cory, supra* at 570 n.18. In addition, the GPS device constantly tracks and reports a defendant's location to the probation department, which is a far greater intrusion on the defendant's liberty than that associated with traditional probation monitoring. See *id.* at 570-571. Finally, the coupling of GPS monitoring with geographic exclusion zones "could dramatically limit an offender's freedom of movement," by restricting not only where he can live and go, but also where he can pass through when traveling from one place to another. See *id.* at 571 n.19. Having concluded in *Cory, supra* at 572, that GPS monitoring constitutes a "substantial burden on liberty" that is "punitive in effect," we conclude

here that the additional probation condition of GPS monitoring, paired with geographic exclusions, is so punitive in effect as to increase significantly the severity of the original probationary conditions and therefore may be imposed only after a finding of a violation of a condition of probation.

*Conclusion.* For the reasons stated, we affirm the judge's denial of the probation department's request to add a probationary condition that would require the defendant to wear a GPS monitoring device and not enter geographic exclusion zones that would encompass all parks, playgrounds, schools, and libraries.

*So ordered.*

IRELAND, J. (dissenting, with whom Spina and Cowin, JJ., join). I continue to conclude, as I did in my dissent in *Commonwealth v. Cory*, 454 Mass. 559 (2009), that requiring that a probationer wear a global positioning system monitoring device as an additional term of probation is remedial rather than punitive and therefore properly may be imposed. *Id.* at 577 (Ireland, J., dissenting) (concluding that Legislature intended G. L. c. 265, § 47, to function as regulatory scheme). Accordingly, I respectfully dissent.