The defendant appeals from a District Court order finding him in violation of probation, revoking that probation, and sentencing him to two years in the house of correction. He principally argues that the judge erred in failing to recognize and consider exercising his discretion, once he had found a violation, to adopt a disposition other than revocation and imposition of the two-year sentence. We affirm.
Background. The defendant pleaded guilty in April, 2016, to one count of larceny over $250; the judge sentenced him to two years in the house of correction, suspended for one year, during which time he was placed on probation and ordered to pay $1,200 in restitution. Based on an incident occurring in Beverly in late June, 2016, in which a man rubbed his penis against the window of a parked car where a woman was sitting, a new complaint issued charging the defendant with one count of open and gross lewdness; he was also issued a notice of probation violation. After a hearing before the same judge in August, 2016, at which the victim and a Beverly police detective testified, the judge found the defendant in violation of his probation.
The judge, after recounting some details of the larceny offense and the restitutionary probation condition he had previously imposed, asked the probation officer for a recommended disposition. She replied that-based on the evidence at the hearing, the defendant's commission of a violation so soon after having been placed on probation, and his prior record-the balance of the sentence (i.e., two years in the house of correction) should be imposed.[3] The Commonwealth, in response to the judge's question, adopted the probation officer's recommendation.
The judge asked for the defendant's recommendation; counsel replied, "There's nothing to add," but then asked "if there was something more lenient that could be arranged." The judge stated that he did not have "too much ... flexibility here"; counsel agreed, but asked, "Is there any at all to reduce that?" The judge acknowledged that "[t]wo years seems to be quite a hit, but ... there's really nothing-the Court's hands are tied.... I'm going to follow Probation's recommendation, give full credit[4 ].... And I'll remit all the monies including the restitution in light of the disposition."
The clerk then recited that a violation had been found, probation had been revoked, the sentence of two years in the house of correction imposed (with credit for days awaiting hearing), and all fines and fees remitted. The judge completed a District Court "Probation Violation Finding & Disposition" form, indicating that a violation had been found, probation revoked, and the two-year sentence imposed. The defendant appealed.
After the appeal was docketed, the Commonwealth obtained this court's "leave to file, and the trial court [was] given leave to consider, a motion for written findings concerning the revocation of probation." In May, 2017, the judge issued two pages of findings and rulings, detailing the basis for his finding by a preponderance of the evidence that the defendant had committed the crime of open and gross lewdness against the victim, and concluding, "It was for these reasons that [the defendant's] probation was revoked and he was committed for the balance of his two year suspended sentence." The judge also completed a revised Probation Violation Finding & Disposition form, detailing the basis for his finding of a violation and checking boxes indicating that probation had been revoked based on "[t]he safety of the public and/or an individual person or persons," "[t]he seriousness of the new offense that has been proved by a preponderance of the evidence," "[t]he recommendation of the prosecutor," and "[t]he recommendation of the probation department."
Discussion. 1. Judge's dispositional discretion. The defendant asks us to conclude, based on the judge's remarks at the hearing, that the judge was unaware that he had the discretion, after finding the defendant in violation of probation, to continue, modify, or even terminate probation instead of revoking it and imposing the two-year committed sentence. See Rule 8(d) of the District/Municipal Courts Rules for Probation Violation Proceedings (2015). We decline to do so.
We read the judge's comments as reflecting (1) his discretionary determination that, in accordance with the recommendations of the probation officer and the Commonwealth, the defendant should serve committed time pursuant to his original sentence; and (2) his correct legal conclusion that he had no discretion to reduce the two-year length of that sentence. See Commonwealth v. Goodwin, 458 Mass. 11, 15 n.5 (2010), discussed in note 2, supra. This is unlike the case posited by the defendant, where a judge, after finding a probation violation, expresses a wish to keep the defendant on probation with modified conditions, but then states that she cannot do anything other than impose the suspended sentence. Here the judge expressed no inclination to impose any disposition other than the suspended sentence, recognizing that two years of committed time-a sentence he himself had earlier imposed-was "quite a hit," but could not be reduced.
Nor did the judge reject suggestions for dispositions short of revocation and imposition of the suspended sentence. Defense counsel did not ask that probation be continued or modified to incorporate stricter conditions; he appeared to ask only for a reduction in the length of the sentence. To the extent that counsel was making a general request for lenience, the judge responded by remitting the restitution and other monies still due.
The judge was not required to recite any particular words, such as "I revoke probation, rather than continuing, terminating, or modifying it," before imposing this disposition. It is presumed that judges know and correctly apply the applicable law. See Commonwealth v. Healy, 452 Mass. 510, 514 (2008). Moreover, the judge, in completing both the original and revised Probation Violation Finding & Disposition forms, skipped over the dispositional checkboxes for the options of termination, continuation, and modification, and instead checked the revocation box. On the revised form, he checked four reasons for revocation. In sum, the defendant has not persuaded us that the judge failed to exercise discretion in choosing to revoke probation.
2. Other issues. The defendant argues that the judge's failure to make written findings supporting his finding of a probation violation, until prompted to do so by the Commonwealth's motion nine months after the hearing, rendered the hearing a violation of due process. Although probationers charged with violations certainly have due process rights, see Commonwealth v. Durling, 407 Mass. 108, 112 (1990), the defendant cites no case from the probation context, or any other, in which a delay between the announcement of a decision and the preparation of findings and rulings in support of that decision has been held to violate due process. Nor does the fact that such findings were, in this case, prepared with the knowledge that an appeal was pending render them per se constitutionally deficient or suspect; the defendant cites no authority for his suggestion to this effect.[5]
The defendant also calls to our attention that in September, 2017, after a jury trial, he was found not guilty of the open and gross lewdness charge. This has no bearing on the validity of the finding, based on a lower standard of proof, that the defendant committed that offense and thereby violated his probation. See Commonwealth v. Holmgren, 421 Mass. 224, 225-228 (1995).
Conclusion. The order finding the defendant in violation of probation, revoking that probation, and sentencing him to two years in the house of correction is affirmed.
Order revoking probation and imposing sentence affirmed.

"Where probation is coupled with a sentence of imprisonment, with execution suspended for the period of probation, a judge finding a violation of a condition of probation, if she orders any period of imprisonment, must impose the suspended sentence." Commonwealth v. Goodwin, 458 Mass. 11, 15 n.5 (2010).

The defendant had been detained for approximately three weeks while awaiting the probation violation hearing.

The defendant's point that the findings included a minor error (in describing a yellow shirt the detective observed in the defendant's vehicle), does not affect this conclusion, nor does the defendant argue that the ultimate finding of a violation was clearly erroneous. The same is true of the defendant's point that there was no evidence directly supporting the finding that the defendant's vehicle was located within one mile of where the open and gross incident occurred. The locations themselves were established at the hearing, and the defendant does not assert that the finding regarding the distance between them was erroneous. Assuming that distance was not a proper subject for judicial notice, basing the finding on the judge's familiarity with Beverly (which was evident from the hearing transcript), was harmless error.