NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-843

COMMONWEALTH

vs.

LINDA MARIE MEDEIROS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2016, the defendant pleaded guilty in Superior Court to six counts of larceny over $250 from a person over sixty years of age.  As a result, she was sentenced on count one to serve not less than three years and not more than four years in State prison.  On the remaining five counts, the defendant was sentenced to ten years of probation to run consecutive to her term of incarceration.  As a condition of her probation, the defendant was ordered to pay restitution in the amount of $1,416,803.10.

In 2019, following her release from prison, a Superior Court judge held a hearing pursuant to Commonwealth v. Henry, 475 Mass. 117 (2016), regarding the restitution component of the

defendant's probation.  After that hearing, and by agreement, the defendant was ordered to pay $400 per month.

In 2023, the defendant, having made payments totalling approximately $24,000, moved to vacate the restitution order and to terminate her probation.  After a hearing before a different Superior Court judge (motion judge), the defendant's probation was terminated immediately, and the motion judge dismissed all the remaining owed restitution, which totaled $1,392,345.  After a motion for reconsideration was denied, the Commonwealth appealed.  We reverse.

We review a decision to modify or terminate probation for an abuse of discretion or other error of law.  See, e.g., Commonwealth v. Eldred, 480 Mass. 90, 102-103 (2018); Commonwealth v. Buckley, 90 Mass. App. Ct. 177, 180 (2016).  Here, the defendant's motion to vacate the restitution order and to terminate probation was based on a claimed violation of Henry, 475 Mass. at 122.  The defendant claimed that the "probationary period far exceeds the best practice of the Superior Court and creates an extreme hardship."

The initial problem with the defendant's argument is that the Supreme Judicial Court decided Henry approximately two months after the defendant was sentenced and ordered to pay restitution as a condition of her probation.  As Henry announces

2

a common-law rule, and not one of constitutional dimension,[1] the Supreme Judicial Court could have indicated in Henry that the new rule applies retroactively, but it was silent on the matter. As this is not a direct appeal, but a collateral one, and a matter of common law, the rule need not be applied retroactively.  See Commonwealth v. Dagley, 442 Mass. 713, 721 n.10 (2004), cert. denied, 544 U.S. 930 (2005).  We will not read in such an application in the face of the Supreme Judicial Court's silence.  Moreover, we will not apply Henry retroactively where the defendant not only did not object to the amount or term of the restitution order, but she actually agreed to make the $400 per month payments for ten years.  See Commonwealth v. Clemente, 452 Mass. 295, 305 (2008).[2]

---

[1] The defendant would fare no better if the new rule announced in Henry was of constitutional dimension.  New rules of constitutional law may not be applied retroactively to cases on collateral review.  See Teague v. Lane, 489 U.S. 288, 311-313 (1989); Commonwealth v. Bray, 407 Mass. 296, 300 (1990).  There are two narrow exceptions to that rule:  when the new rule is one that (1) places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) is "implicit in the concept of ordered liberty," implicating "fundamental fairness," and is "central to an accurate determination of innocence or guilt," such that its absence "creates an impermissibly large risk that the innocent will be convicted" (quotations and citations omitted).  Teague, supra.  See Bray, supra; Commonwealth v. Peppicelli, 70 Mass. App. Ct. 87, 99 (2007).  Neither of these exceptions apply to the rule announced in Henry.

[2] The defendant also claims that her ten-year probationary term is contrary to the guidelines for "Criminal Sentencing in

Notwithstanding the above, even if _Henry_ did apply to this defendant, when she was released from incarceration, a Superior Court judge held a hearing to assess the defendant's ability to pay. Also, the defendant's term of probation was not extended based on the defendant's inability to ever pay back the enormous amount of money she stole. See _Henry_, 475 Mass. at 125. In fact, the $400 payment per month for ten years would amount to a total of $48,000, or less than four percent of the actual amount stolen. The motion judge erred as a matter of law by concluding that he was required to terminate probation because the probation order "predate[d] _Henry_."

As indicated in his denial of the Commonwealth's motion to reconsider, a second basis for the motion judge's allowance of the motion to terminate the defendant's probation was as an exercise of his discretion. See, e.g., _Eldred_, 480 Mass. at

---

the Superior Court: Best Practices for Individualized Evidence-Based Sentencing (October 2019)." To the extent these guidelines should have retroactively bound the sentencing judge, the motion judge did not base his decision on them. Also, the defendant relies on principle no. 9, which states that "[P]robationary terms should be no longer than three years, except where the nature of the offense or other circumstances specifically warrant a longer term." A strong argument could be made that this case meets that exception. In any event, the defendant has failed to cite any authority that holds that the sentencing judge -- or this court -- was bound by the guidelines, or that any deviation from them constitutes an abuse of discretion. In this light, we treat the claim as waived. See Mass. R. A. P. 16 (a) (9) (a), as appearing in 481 Mass. 1628 (2019).

4

102-103; Commonwealth v. Goodwin, 458 Mass. 11, 16-17 (2010). When conditions amount to a material change in circumstances, a judge may modify the conditions of probation in order "to serve 'the ends of justice and the best interests of both the public and the defendant.'" Buckley v. Quincy Div. of the Dist. Court Dep't, 395 Mass. 815, 817 (1985), quoting Burns v. United States, 287 U.S. 216, 221 (1932). This may include eliminating conditions or terminating probation. See Goodwin, supra at 18.

Although the motion judge stated he was exercising his discretion, he did not indicate which facts or claims were driving that decision. Aside from the Henry claim discussed above, the only other reasons underlying the defendant's request to terminate her probation and the restitution order were argued before the motion judge.

At the motion hearing, the defendant never claimed that she was unable to pay the $400 a month. Rather, she claimed her probation was causing her anxiety because she wanted to travel to Italy to plan and attend her daughter's wedding. However, as the probation officer mentioned at the hearing, the defendant only needed a court order to travel internationally, as she had successfully done in the past when she traveled to the Bahamas.

The remaining reason offered by defense counsel was that she "was bother[ed]" by the fact that although the defendant

5

stole "a lot of money," she stole it "from a very wealthy individual."  Counsel decried the lack of parity in punishment for this defendant as compared to a hypothetical defendant who stole a lesser amount of money from a victim of a lower economic status, who counsel suggested would have been given a house of correction sentence.

In the end, neither of these additional reasons justified the termination of the defendant's probation and restitution.  A simple court order permitting international travel fell within the range of reasonable alternatives.  Terminating probation for even an otherwise successful probationer, who established no financial hardship, who agreed to the length of the probation term and the amount to be paid, which constituted a mere four percent of the amount she stole, was not.  See L.L. v Commonwealth, 470 Mass. 169, 185 n.27 (2014).

We further add that the Legislature in enacting our larceny statute did not create a punishment scheme that turned on an imagined financial caste system for crime victims or an economic theory based on Robin Hood.  In fact, the remedy of restitution is available regardless of the victim's economic status.  Indeed, "the purpose of restitution [is] . . . not only to compensate the victim for his or her economic loss tied to the defendant's conduct, but also to make the defendant pay for the

6

damage [which] he or she caused as a punitive and rehabilitative sanction."  Commonwealth v. Malick, 86 Mass. App. Ct. 174, 181 (2014), quoting Commonwealth v. Williams, 57 Mass. App. Ct. 917, 918 (2003).  The motion judge's order terminating probation and restitution constituted an abuse of discretion.[3]

The orders terminating probation, deeming restitution satisfied, and dismissing monies owed are reversed.  The matter is remanded to the Superior Court for the entry of an order reimposing the remainder of the defendant's probation term and conditions, including the condition that she pay $400 per month in restitution until the ten-year term expires.

So ordered.

By the Court (Meade, Walsh & Hodgens, JJ.[4]),

Clerk

Entered:  October 1, 2025.

---

[3] Lastly, we note that the probation department received short notice of the hearing on the defendant's request to terminate her probation.  As a result, the probation department was unable to contact the victim or her family before the hearing was conducted.  Conducting the hearing without notice to the victim was contrary to the victims' bill of rights.  See G. L. c. 258B, § 3 (o) ("If the offender seeks to modify the restitution order, the offender's supervising probation officer shall provide notice to the victim[,] and the victim shall have the right to be heard at any hearing relative to the proposed modification").

[4] The panelists are listed in order of seniority.

7