NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11841

GEORGE GOE[1]  vs.  COMMISSIONER OF PROBATION & another.[2]

Suffolk.     November 2, 2015. - March 14, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.


Practice, Criminal, Probation.  Interstate Compact for Adult
    Offender Supervision.  Global Positioning System Device.



    Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on January 29, 2015.

    The case was reported by Cordy, J.


    Beth L. Eisenberg, Committee for Public Counsel Services
(Lily Lockhart, Committee for Public Counsel Services, & Spencer
Lord with her) for the petitioner.
    Steven R. Strom, of Connecticut, for the intervener.
    Sarah M. Joss, Special Assistant Attorney General, for
Commissioner of Probation.
    U. Gwyn Williams, Laura Carey, & Charles Stones, for
Citizens for Juvenile Justice & another, amici curiae, submitted
a brief.

_____

    [1] A pseudonym.

    [2] Interstate Commission for Adult Offender Supervision,
intervener.

GANTS, C.J. This case comes to us on a reservation and report from the single justice asking the following questions:

"(1) Whether the Massachusetts courts are the appropriate forum for challenging additional probation conditions imposed on a probationer transferred to Massachusetts pursuant to the Interstate Compact for Adult Offender Supervision; and, if so, what is the proper mechanism for mounting such a challenge?

"(2) Whether a transferee probationer is entitled to actual notice of mandatory [global positioning system (GPS)] monitoring pursuant to G. L. c. 265, § 47[,] from the sentencing judge, or whether such notice is implied or waived by a petitioner's voluntary transfer to Massachusetts[?]

"(3) Whether mandatory GPS monitoring for crimes committed as a minor constitutes cruel and unusual punishment, where the minor was convicted as an adult in another jurisdiction?

"(4) Whether the Commissioner of Probation's Policy on the Issuance of Travel Permits is ultra vires; and, if not, whether the application of that policy to the petitioner violated his right to interstate travel?"

In answer to the first question, we conclude that, where a probationer whose supervision is transferred to Massachusetts under the Interstate Compact for Adult Offender Supervision (compact) contends that a special condition of probation that was added by Massachusetts is not mandated by Massachusetts law or is unconstitutional, this determination is appropriately made by a Massachusetts court, and the appropriate mechanism to obtain such a determination is through a complaint for declaratory relief. We also conclude that the Massachusetts probation department may not add mandatory GPS monitoring under

G. L. c. 265, § 47, as a special condition of probation for this probationer.  In light of that conclusion, we decline to answer questions two and three because they are moot.  In answer to question four, regarding the Policy on the Issuance of Travel Permits promulgated by the Massachusetts Commissioner of Probation (commissioner), we conclude that the prohibition on out-of-State travel for probationers being supervised for sex offenses is not an additional condition of probation imposed on a transferred probationer.  We, therefore, reject the contention that the policy is ultra vires as an additional condition.  We decline to answer whether the application of that policy to the petitioner violated his right to interstate travel because the appropriate forum for such a constitutional claim is the sending State, where it may be considered with the petitioner's nonconstitutional arguments for modification of the sending State's condition that he not travel out-of-State without permission from his probation officer.[3]

Background.  On April 29, 2013, the petitioner, who was the defendant in criminal proceedings in the Connecticut Superior Court (defendant), pleaded guilty to two crimes that he committed at the age of fourteen against a six year old

---

[3] We acknowledge the brief submitted by the intervener Interstate Commission for Adult Offender Supervision and the amicus brief submitted by the Citizens for Juvenile Justice and the Children's Law Center for Massachusetts.

relative:  sexual assault in the third degree and risk of injury to a minor.  Although he was a juvenile when he committed these crimes and only fifteen years old when he pleaded guilty to their commission, he was convicted as an adult.  After completing a residential treatment program, he was sentenced to a period of incarceration of five years (the execution of which was suspended) and ten years of probation supervision.  The judge ordered a number of special conditions and, as permitted under Connecticut law, Conn. Gen. Stat. § 53a-30(b) (2015), authorized the probation department to add "any other conditions deemed appropriate."

As a general condition of probation, the defendant was ordered not to leave the State of Connecticut "without permission from the Probation Officer."  The Connecticut probation department also added twenty-four special conditions, including that the defendant "will submit to electronic monitoring as directed by a Probation Officer."  The defendant signed the probation form that set forth these conditions and that obliged him to "abide by them," and his signature was witnessed by his grandmother.

The defendant applied pursuant to the compact to transfer his probation supervision to Massachusetts, where he intended to

live with his maternal grandparents.[4]  His application was granted and his supervision was transferred to Massachusetts, where he was assigned to the probation service of the Middlesex County Division of the Juvenile Court Department in Lowell because he was then sixteen years old.

On February 19, 2014, the defendant filed a "Motion to Reopen and Modify Conditions of Probation" in the Superior Court in Connecticut that requested modification of several conditions, claiming they were unnecessary, impossible to comply with, or detrimental to his rehabilitation.  Among the conditions he sought to modify were (1) that he submit to electronic monitoring as directed by a probation officer, and (2) that he not travel out of Massachusetts without the permission of a probation officer.[5]  As to these conditions, the defendant asked the judge to modify or eliminate the requirement of electronic monitoring, and to authorize him, with prior

---

[4] The defendant's application fell within the Interstate Compact for Adult Offender Supervision (compact) rather than the Interstate Compact for Juveniles because the compact defines "[a]dult" to mean "both individuals legally classified as adults and juveniles treated as adults by court order, statute, or operation of law."  Interstate Commission for Adult Offender Supervision, ICAOS Rules, Rule 1.101, at 5 (effective Mar. 1, 2014) (ICAOS Rules), http://www.interstatecompact.org/Portals/0/library/legal/ICAOS_Rules.pdf [https://perma.cc/SM9H-NQBL].

[5] The defendant claimed that "[t]he Massachusetts [p]robation [d]epartment refuses to permit [him] to travel out of state during the [ten] year period of his probation."

approval of the Connecticut or Massachusetts probation department, to travel with his maternal grandparents to New Hampshire every weekend from May 23 to September 1, 2014. On April 3, 2014, as to these conditions, the judge granted the defendant's motion only to the extent that "GPS monitoring will be at [the] discretion of [the State] of Massachusetts Dept. of Probation (Juvenile)."

On June 3, 2014, the defendant's attorneys wrote a letter to the commissioner asking that the defendant not be subjected to mandatory GPS monitoring, and that he be considered for travel permits to New Hampshire and Florida, "so long as his itinerary and other aspects of his travel meet approval by his Probation Officer." On August 22, 2014, the commissioner responded that the probation department considered the defendant's arguments for relief from the GPS requirement but decided to impose GPS monitoring because of the level of seriousness of the crime, the difference in age between the defendant and the victim, "the nature of the supervision for another state," the level of risk posed by the above factors, "the fact that he was treated in Connecticut as an adult on a long adult probation order[,] and . . . that Connecticut originally included GPS as a condition and then modified its Order to leave it to Massachusetts' discretion." He added that, "[b]efore Probation can consider any adjustment to the GPS

requirement, [the defendant] will have to complete one year of supervision with no violations and with full compliance."[6]  The commissioner also declared that, once the defendant turned eighteen years of age [which he did in July, 2015], "Probation will continue the GPS as it would for any adult under [G. L. c. 265, § 47]."[7,8]

The commissioner also wrote that the defendant had not justified an exception to the probation department's travel policy, dated January 11, 2012, which declared that the "Probation Service shall not authorize travel permits" under various circumstances, including where "[t]he probationer has an order of electronic monitoring . . . as a condition of probation," where "[t]he probationer is being supervised for a sex offense," or where the probationer is an "interstate compact sex offender unless the sending state court has approved, and

---

[6] The Massachusetts Commissioner of Probation (commissioner) added that the probation department would need "an independent evaluation of his level of risk."

[7] General Laws, c. 265, § 47, provides in relevant part:

"Any person who is placed on probation for any offense listed within the definition of 'sex offense', a 'sex offense involving a child' or a 'sexually violent offense', as defined in [G. L. c. 6, § 178C], shall, as a requirement of any term of probation, wear a global positioning system [GPS] device . . . ."

[8] The commissioner characterized the defendant's letter as requesting that the defendant "be free of GPS monitoring, despite G. L. c. 265, § 47."

the probationer has produced, a travel permit in writing" (emphasis in original). The commissioner noted that, although the probation department will not authorize travel permits in these circumstances, "out of state travel is possible where a judge authorizes it."

On March 13, 2015, the defendant appeared the Superior Court in Connecticut and admitted that he violated conditions of his probation by joining and participating in the Boy Scouts and by accessing a Facebook account without permission. The judge found the defendant in violation of his probation and placed him on a six-month "watch" during which he would be monitored month-to-month in what the judge described as "intensive sex offender probation." If the defendant completed the six-month period with no violations of the conditions of probation, he would be returned to probation with the same termination date and the same conditions as were originally imposed.[9]

_____

[9] The commissioner contends that the judge at this probation violation hearing ordered mandatory GPS monitoring because the docket sheet regarding that hearing included a clerk's note that the "[defendant] can go back to live in Mass. Do GPS there." The docket notation, however, is not supported by the transcript of that hearing, which reflects that the judge explained to the defendant that, if he complied with all the conditions of his probation during the six-month "watch" period, he would "be put back on probation with the original conditions reimposed." The only reference to GPS monitoring at the hearing occurred after the judge had accepted the defendant's admission to a violation of probation and ordered that a finding of violation may enter, when the defendant's attorney informed the judge that the defendant was "under a GPS monitoring system" in Massachusetts

In January, 2015, the defendant filed the instant petition in the county court pursuant to G. L. c. 211, § 3, seeking extraordinary relief from what he characterized as the unconstitutional and "otherwise unreviewable" orders of the commissioner to mandate GPS monitoring of the defendant and to forbid him from traveling out of State. On March 13, 2015, the same day the defendant was found in violation of probation conditions by a Connecticut judge, the single justice reserved and reported the case, along with his four questions.

Discussion. 1. <u>Interstate Compact for Adult Offender Supervision</u>. The compact regulates the interstate transfer of supervision of those individuals on probation or parole due to the commission of a criminal offense. Interstate Commission for Adult Offender Supervision, ICAOS Rules, Rule 1.101, at 6 (effective Mar. 1, 2014) (ICAOS Rules), http://www.interstatecompact.org/Portals/0/library/legal/ICAOS_Rules.pdf [https://perma.cc/SM9H-NQBL]. (defining "[o]ffender" subject to compact). The compact has been enacted by statute in

---

but the Connecticut Department of Corrections cut the GPS bracelet off his ankle the previous day. Defense counsel sought assurance that this removal of the GPS bracelet would not result in a violation of probation. The judge asked if the Massachusetts probation department would resume the GPS monitoring upon the defendant's return to Massachusetts, and the prosecutor told the judge that "[t]hey most certainly will" but "the state is not seeking a violation on something that was cut off him." There is nothing in the transcript to suggest that the judge mandated GPS monitoring of the defendant.

all fifty States as well as the District of Columbia, Puerto Rico, and the United States Virgin Islands.  Interstate Commission for Adult Offender Supervision, ICAOS Bench Book for Judges and Court Personnel, at 40-41 (2014) (ICAOS Bench Book), http://www.interstatecompact.org/Portals/0/library/publications/Benchbook.pdf [https://perma.cc/3DFZ-RUEQ].  It was enacted in Massachusetts in 2005.  St. 2005, c. 121.  The compact was created to address weaknesses in the earlier Interstate Compact for the Supervision of Parolees and Probationers, which was drafted in 1937.  ICAOS Bench Book, supra at 35, 38.  The compact created the Interstate Commission on Adult Offender Supervision and empowered it to promulgate rules regulating the transfer of offenders that have the force of statutory law in all of the compacting States.  ICAOS Bench Book, supra at 38, 43-44.  See, e.g., G. L. c. 127, § 151E (b).  The compact is the exclusive means to transfer supervision from one State to another for those offenders who are eligible under the compact. ICAOS Rule 2.110(a), supra at 21.

The application of the rules of the compact can be illustrated by considering the case of the defendant, who sought to transfer probation supervision from Connecticut to Massachusetts.  Once an offender has been convicted and sentenced to some form of supervision in Connecticut, transfer of that supervision to Massachusetts must first be permitted by

Connecticut. ICAOS Rule 3.101, supra at 22. ICAOS Bench Book, supra at 53. If approved, the offender must complete an application, which Connecticut must transmit to Massachusetts. ICAOS Rule 3.102, supra at 28. In certain situations, such as where the offender is a resident of Massachusetts or where the offender has means of support and family in the Commonwealth who can assist in the offender's plan of supervision, acceptance of the transfer by Massachusetts is mandatory; in other cases acceptance is discretionary. ICAOS Rules 3.101, 3.101-2, supra at 22, 26.

Where an offender transfers probation supervision from Connecticut (the sending State) to Massachusetts (the receiving State) pursuant to the compact, Connecticut must inform Massachusetts of the special conditions that it has imposed at the time of sentencing or during the period of probation. ICAOS Rule 4.103(c), supra at 42 ("A sending state shall inform the receiving state of any special conditions to which the offender is subject at the time the request for transfer is made or at any time thereafter"). Massachusetts must enforce those conditions unless it is unable to do so, and if it is unable, it must notify Connecticut of its inability to do so at the time the request for transfer of supervision is made. ICAOS Rule 4.103(d), supra at 42. See ICAOS Bench Book, supra at 68 ("Although a court may as a condition of probation impose a

special condition and require that the condition be met in the receiving state, the receiving state can refuse to enforce the special condition if the receiving state is unable to do so"). If Massachusetts were to inform Connecticut that it is unable to enforce a special condition of probation, Connecticut has the option of removing the problematic condition or withdrawing the transfer request and requiring the offender to complete supervision in Connecticut. ICAOS Bench Book, supra.

At the time Massachusetts accepts the probationer or during the term of supervision, Massachusetts may add a special condition, but only "if that special condition would have been imposed on the offender if sentence had been imposed in the receiving state." ICAOS Rule 4.103(a), supra at 42. Because the compact authorizes Massachusetts (the receiving State) to add only those conditions that "would have been imposed" if the offender had been sentenced in Massachusetts, the probation department in Massachusetts may add a special condition only where a judge would have been required by law to impose that special condition on the defendant at sentencing; it may not impose a condition of probation that a sentencing judge simply had the discretion to impose.[10] If Massachusetts were to add a

_____

[10] We note that although the compact empowers the probation department to impose special conditions on offenders who transfer their supervision from another State, ICAOS Rule 4.103(b), supra at 42, the probation department does not have

special condition, it must notify Connecticut of the nature of the special condition and its purpose.  ICAOS Rule 4.103(b), supra at 42.  If Connecticut were to decide not to accept that condition, it may exercise its authority to retake the probationer, thereby revoking the transfer.  See ICAOS Rule 5.101(a), supra at 55.

After a Connecticut probationer is transferred to Massachusetts, the probationer must be supervised in a manner "consistent with the supervision of other similar offenders sentenced in [Massachusetts]."  ICAOS Rule 4.101, supra at 40. However, Connecticut retains jurisdiction over the probationer and may "retake" him or her at any time for any reason.[11]  ICAOS Rule 5.101(a), supra at 55.  If the probationer were to commit a significant violation of probation, Massachusetts would be required to inform Connecticut of the violation but could not institute proceedings to revoke the offender's probation.  ICAOS Rule 4.109, supra at 49.  Only Connecticut could initiate revocation proceedings, and such proceedings could only occur in

that power with offenders sentenced in Massachusetts, where, unlike in Connecticut, conditions of probation must be ordered by a judge.  See A.L. v. Commonwealth, 402 Mass. 234, 242 (1988) ("it is the function of the sentencing judge to set the conditions of probation," and it is duty of probation officer to enforce conditions set by judge).

[11] There is an exception to this rule whereby Massachusetts could decline to return an offender who has pending criminal charges in Massachusetts.  ICAOS Rule 5.101-1, supra at 56.

Connecticut, subject only to a hearing in Massachusetts establishing probable cause for the violation. ICAOS Bench Book, supra at 76. ICAOS Rule 5.108, supra at 65. Of course, if a defendant were to violate a probation condition by committing a new crime in Massachusetts, the defendant may be prosecuted for that crime in Massachusetts, but any probation revocation must take place in Connecticut.[12] ICAOS Bench Book, supra.

With this background regarding the operation of the compact, we turn now to the reported questions.

2. Question one. Question one asks "[w]hether the Massachusetts courts are the appropriate forum for challenging additional probation conditions imposed on a probationer transferred to Massachusetts pursuant to [the compact]; and, if so, what is the proper mechanism for mounting such a challenge." This question is raised in the context of the commissioner's somewhat confusing position regarding GPS monitoring of the defendant. We characterize it as confusing because, after April 3, 2014, when the judge in Connecticut modified the defendant's special condition of probation to provide that "GPS monitoring will be at [the] discretion" of the Massachusetts probation department -- suggesting that the probation department should make an individualized determination whether the defendant

---

[12] See note 11, supra.

should be subject to GPS monitoring -- the defendant's probation officer informed defense counsel on April 23, 2014, that GPS monitoring of the defendant would continue because it was mandated by G. L. c. 265, § 47.  The probation officer stated that, even though the defendant was a juvenile, he had been convicted as an adult in Connecticut, and all adult sex offenders were required by § 47 to be monitored by GPS.  However, as earlier noted, when the commissioner on August 22, 2014, denied the defendant's request to be relieved of the requirement of GPS monitoring, the commissioner gave individualized reasons for continuing GPS monitoring, but stated that, when the defendant reached the age of eighteen, GPS monitoring would become mandatory under § 47.  We need not dwell on this confusion to determine whether the probation department's reason for imposing GPS monitoring on the defendant before he turned eighteen was the claimed statutory mandate of § 47 or an individualized determination, because the defendant has turned eighteen and it is clear that the probation department has determined that GPS monitoring of the defendant is now mandated by § 47.  The first question essentially asks whether the Massachusetts courts are the appropriate forum to challenge this determination.  We conclude that they are.

As noted earlier, the Massachusetts probation department under ICAOS Rule 4.103(a), supra at 42, may add a special

condition of probation only where that condition is mandated by law in Massachusetts.  Where a probationer contends that the special condition added by Massachusetts is not mandated by Massachusetts law or is unconstitutional, this determination is appropriately made by a Massachusetts court.  Allowing a Massachusetts court to make this determination neither impairs the jurisdiction of the sending State court nor undermines the judgment or conditions of supervision imposed by the sentencing court.  If a Massachusetts court were to find that Massachusetts has improperly added a special condition, Massachusetts probation authorities would merely be precluded from imposing the additional condition.  Because the probation condition may be added by Massachusetts only where it is mandated by Massachusetts law, a Connecticut court could not eliminate the condition of the transferred probationer by modifying the defendant's probation conditions.  Thus, the courts of the sending State (here, Connecticut) are not the appropriate forum to determine whether Massachusetts law truly mandates a probation condition added by Massachusetts.

In contrast, if a probationer were to challenge whether a probation condition that was imposed by the sending State was prohibited by the statutory or constitutional law of the United States or the sending State, the only appropriate forum to bring such a claim would be a court in the sending State, because only

a court in the sending State could modify or eliminate a condition imposed by the sending State.[13]

Having concluded that the defendant is entitled to challenge in a Massachusetts court the probation department's determination that GPS monitoring of the defendant is mandated by § 47 once the defendant reaches the age of eighteen, we now turn to that issue. As noted earlier, mandatory GPS monitoring is in conflict with the special condition imposed by the judge, which required the probation department in Massachusetts to exercise its discretion in determining whether to subject the defendant to GPS monitoring and implicitly required an individualized evidence-based determination. Requiring GPS

---

[13] If enforcement of a special condition imposed by the sending State would be in violation of the Constitution or laws of the receiving State, the receiving State should notify the sending State under ICAOS Rule 4.103(d), supra at 42, that it must refuse to enforce the special condition, and the sending State would then have to decide whether to remove the special condition or withdraw the transfer request. Interstate Commission for Adult Offender Supervision, ICAOS Bench Book for Judges and Court Personnel, at 68 (2014), http://www.interstatecompact.org/Portals/0/library/publications/ Benchbook.pdf [https://perma.cc/3DFZ-RUEQ]. If a probationer were to claim that the receiving State erred in enforcing an illegal special condition, a court in the sending State would be the most appropriate forum to challenge the lawfulness of the special condition, because a judge of that court could obviate the need to determine whether the special condition violated the Constitution or laws of the receiving State by modifying or eliminating the special condition. A judge in the receiving State could not modify or eliminate the special condition; the judge could only order that the receiving State probation department not enforce the special condition if the judge were to find it in violation of the Constitution or laws of the receiving State.

monitoring for the duration of supervision without giving a probation official the discretion, where appropriate, to discontinue such monitoring constitutes a more restrictive condition of supervision that must be considered an additional condition imposed by Massachusetts under the compact. See Interstate Commission for Adult Offender Supervision, Advisory Opinion 1-2015, at 3 (Feb. 12, 2015), http://www.interstatecompact.org/Portals/0/library/legal/advisoryopinions/AdvisoryOpinion_1-2015_NC.pdf [https://perma.cc/SZ9Q-7XRM] (North Carolina statute allowing probationers who violate conditions of probation to be confined for up to three days in lieu of revocation proceedings constitutes additional condition imposed by North Carolina when applied to out-of-State offenders transferred to North Carolina under compact). This additional condition of mandatory GPS monitoring is permissible under the compact only if Massachusetts law, specifically § 47, requires that it be imposed on the defendant.

The commissioner contends that § 47 requires GPS monitoring for "[a]ny person who is placed on probation for any . . . 'sex offense,'" and that the defendant is subject to that statutory requirement once he becomes eighteen because, even though he committed the sex offense when he was fourteen years old, he was convicted in Connecticut of a sex offense as an adult.

Certainly, if the defendant were an adult when he committed the Connecticut sex offense, GPS monitoring would be required under § 47, because he was placed on probation for a "sex offense," as defined in G. L. c. 6, § 178C, which includes an indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B, "or a like violation of the laws of another state." The defendant's conviction in Connecticut of sexual assault in the third degree, in violation of Conn. Gen. Stat. § 53a-72a(a) (2015), is a "like violation" of the Massachusetts crime of indecent assault and battery.[14]

The defendant, although convicted as an adult, was not an adult when he committed these sexual offenses; he was fourteen

---

[14] Conn. Gen. Stat. § 53a-72a(a) (2015) provides in relevant part:

> "A person is guilty of sexual assault in the third degree when such person (1) compels another person to submit to sexual contact (A) by the use of force against such other person or a third person, or (B) by the threat of use of force against such other person or against a third person, which reasonably causes such other person to fear physical injury to himself or herself or a third person . . . ."

At the plea hearing, the prosecutor told the judge that the defendant, when he was fourteen years old, touched a six year girl who was "a closely related family member . . . in a sexual manner, . . . holding her hip . . . [and] thrusting his hip and grinding into her, . . . French kissing her by putting his tongue in her mouth, also touching her in her genital area . . . . [T]he child asked him to stop [but] he continued with the activity. And the child did have a bruise on her arm afterwards."

years old. Because of his age, if these crimes had been committed in Massachusetts, the Commonwealth could not have initiated a criminal proceeding against the defendant as an adult; it could only have proceeded against him as a juvenile. See G. L. c. 119, § 74. Therefore, if these crimes had been committed in Massachusetts, the defendant, at worst, would have been adjudicated delinquent in the Juvenile Court.[15] See id. If he were adjudicated delinquent and sentenced to probation, he would not be subject to mandatory GPS monitoring pursuant to § 47. See Commonwealth v. Hanson H., 464 Mass. 807, 816 (2013) ("mandatory GPS monitoring pursuant to § 47 does not apply to juveniles who have been adjudicated delinquent"). Therefore, if the defendant had committed these crimes in Massachusetts, a Juvenile Court judge in the exercise of discretion could order

_____

[15] The Commonwealth could not have proceeded against the defendant as a youthful offender, because he had not previously had any involvement with the juvenile justice system that would have resulted in him being committed to the Department of Youth Services, did not commit a crime involving possession of a firearm, and did not commit an offense that "involves the infliction or threat of serious bodily harm in violation of law." See G. L. c. 119, § 52 (defining "[y]outhful offender"). In Commonwealth v. Quincy Q., 434 Mass. 859, 861 (2001), the juvenile, when he was between fifteen and sixteen years old and the victim was between three and five years of age, touched the victim's vagina on approximately ten occasions and caused the victim to touch his penis. We concluded that this conduct did not "involve the infliction or threat of serious bodily harm" where, as here, there was no evidence of sexual penetration, and "no evidence that the defendant overtly threatened [the complainant] or that serious bodily injuries were actually inflicted." Id. at 863-864.

GPS monitoring as a condition of his probation, but that condition would not be mandated by law.  See id. at 816-817.

Nor, where the crime was committed by a juvenile, would GPS monitoring become a mandatory condition of probation once the juvenile reached the age of eighteen.  Where a judge at sentencing did not order GPS monitoring as a special condition of a juvenile's probation, a judge in the exercise of discretion could add this special condition if (and only if) a probationer were found in violation of the conditions of probation. Commonwealth v. Goodwin, 458 Mass. 11, 22-23 (2010).  But the judge could not add this punitive special condition without a probation violation simply because the offender turned eighteen, and § 47 cannot reasonably be interpreted to mandate that result.

Under ICAOS Rule 4.103(a), supra at 42, Massachusetts, as the receiving State, could add GPS monitoring as a special condition of probation only "if that special condition would have been imposed on the offender if sentence had been imposed in the receiving state."  Because that special condition would not necessarily have been imposed in Massachusetts had the defendant been sentenced in Massachusetts for the crimes he committed when he was fourteen years old, the Massachusetts probation department is prohibited from imposing GPS monitoring as a mandatory condition of probation.  Rather, as required by

the judge's order on April 3, 2014, GPS monitoring may be ordered only at the discretion of the Massachusetts probation department, based on an individualized determination. We therefore remand this matter to the single justice, who shall direct the commissioner to make an individualized determination in the exercise of his discretion whether to subject the defendant to GPS monitoring.

Having answered the reported question and resolved the underlying issue, we now turn to the second part of that question: "what is the proper mechanism for mounting such a challenge?" We conclude that the proper mechanism is a complaint for declaratory judgment. A declaratory judgment action filed pursuant to G. L. c. 231A and Mass. R. Civ. P. 57, 365 Mass. 826 (1974), will allow a court to determine whether an additional special condition is mandated by Massachusetts law and whether such a condition is constitutional. In the future, an offender supervised in Massachusetts pursuant to the compact should utilize that procedure to adjudicate his or her challenge; the existence of this alternative procedure forecloses extraordinary relief from this court. See Hicks v. Commissioner of Correction, 425 Mass. 1014, 1014-1015 (1997). We addressed the substantive claims raised by the defendant in this case under G. L. c. 211, § 3, because the proper procedure had not been clearly established and the single justice reserved

and reported the case to this Court.  See Goodwin, 458 Mass. at 14-15, quoting Martin v. Commonwealth, 451 Mass. 113, 119 (2008) ("[w]here the single justice has, in [her] discretion, reserved and reported the case to the full court, we grant full appellate review of the issues reported").

3.  Questions two and three.  Questions two and three ask whether a transferee probationer is entitled to actual notice of mandatory GPS monitoring pursuant to § 47 from the sentencing judge, and whether mandatory GPS monitoring for crimes committed as a minor constitutes cruel and unusual punishment, where the minor was convicted as an adult in another jurisdiction. Because we have concluded that the defendant is not subject to mandatory GPS monitoring in Massachusetts under the compact, these questions are moot, and we decline to answer them.

4.  Question four.  The fourth question asks "[w]hether the [commissioner's] Policy on the Issuance of Travel Permits [(travel policy)] is ultra vires; and, if not, whether the application of that policy to the petitioner violated his right to interstate travel."  We examine this question in the context of the circumstances of this case.  As earlier noted, at sentencing, the judge authorized the Connecticut probation department to add any other conditions it deemed appropriate. It is a general condition of probation in Connecticut that a probationer may not leave the State without permission from a

probation officer.[16]  When probation was transferred to Massachusetts, the defendant remained subject to this probation condition that he not leave the State without his probation officer's permission.

Under ICAOS Rule 4.101, supra at 40, a receiving State (here, Massachusetts) "shall supervise an offender transferred under the [compact] in a manner . . . consistent with the supervision of other similar offenders sentenced in the receiving state."  Therefore, with respect to granting permission for interstate travel, the Massachusetts probation department must treat a transferred probationer as it would a probationer sentenced in Massachusetts.  The commissioner has given effect to that condition by applying a policy that regulates the exercise of discretion to grant travel permits. The travel policy issued on January 11, 2012, by the then acting commissioner treats all probationers who are under supervision for sex offenses and all probationers with a special condition of GPS monitoring the same, whether transferred or not:  the probation department shall not authorize the issuance of travel

---

[16] A substantially identical provision is a general condition of probation in Massachusetts.  See commentary to Rule 4, District/Municipal Courts Rules for Probation Violation Proceedings, Mass. Ann. Laws Court Rules, at 86 (LexisNexis 2015) (identifying failure to "obtain permission to leave the Commonwealth" as violation of general probation conditions).

permits to them.[17] The only way they can obtain a travel permit is to request their sentencing judge or, where that judge is unavailable, another judge in that trial court department, to order the issuance of a travel permit. For a transferred probationer, that means filing a motion to modify the conditions of probation in the defendant's criminal case in the sending State. The defendant sought such relief when he moved to modify the conditions of his probation, but that part of the request was not granted by the judge in his order of April 3, 2014. Nothing bars the defendant from again seeking such relief in Connecticut, which retains jurisdiction over the defendant. Such relief may not be sought in Massachusetts.

The defendant contends that the commissioner, by issuing a policy that prohibits certain categories of probationers from being issued a travel permit by a probation officer, has imposed an additional special condition forbidding interstate travel that is not mandated by law and, therefore, is ultra vires. We disagree for two reasons. First, the general condition of probation imposed on the defendant in Connecticut provided that he could not "leave the State of Connecticut without permission

---

[17] In his letter to the defendant, the commissioner articulated the reasons for not granting travel permits to probationers who are being supervised for sex offenses, including the difficulty of monitoring the probationer while out of State, of verifying the address where the offender will be staying, and of ensuring that the probationer will not encounter minors.

from the Probation Officer." This condition does not appear to prohibit a probation department from issuing a travel policy governing the grant or denial of permission for out-of-State travel. Thus, the application of the policy in Massachusetts is not inconsistent with the condition imposed in Connecticut. Second, in the letter from the commissioner to the defendant, the commissioner stated that he "remain[ed] unconvinced that [the defendant] presents a viable justification to make an exception to the [t]ravel [p]olicy in [the defendant's] case," which indicates that the commissioner retained the discretion to make an exception from his travel policy where the circumstances warranted.[18]

The defendant further argues that the travel restriction applied by the Massachusetts probation department violates his right to interstate travel.[19] Where the travel restriction was imposed as a condition of probation by the sending State (here, Connecticut) and was not an additional condition imposed by the

---

[18] Also, it is significant that the defendant has recourse to the sentencing judge in Connecticut, who can modify the conditions of probation if the judge believes the application of the travel policy to be unnecessarily restrictive.

[19] Although the defendant cites arts. 1, 10, and 12 of the Massachusetts Declaration of Rights in addition to the Fourteenth Amendment to the United States Constitution in support of his argument that the travel restriction is unconstitutional, he does not argue that his right of interstate travel under the Massachusetts Constitution is broader than his rights under the United States Constitution.

receiving State, we conclude that the appropriate forum for such a constitutional claim is Connecticut, where it may be combined with the defendant's nonconstitutional claims for modification of this probation condition, and where the court, in its discretion, may avoid the constitutional question by modifying the condition. Therefore, we decline to answer the fourth reported question; the appropriate forum to answer this question is a court in the sending State, Connecticut.

Conclusion. In summary, we conclude that probationers whose supervision is transferred to Massachusetts pursuant to the compact may challenge a special condition of probation that was added by Massachusetts through a declaratory judgment action in a Massachusetts court, where they may claim that the additional special condition is not mandated by law or is unconstitutional. We also conclude that the Massachusetts probation department may not add mandatory GPS monitoring as a special condition of probation for this probationer because it is not required by G. L. c. 265, § 47. Finally, we conclude that the travel restriction applied by the Massachusetts probation department to the defendant was not an additional condition of probation, and that the appropriate forum to challenge the constitutionality of the application of that condition is a Connecticut court, where it may be combined with the defendant's nonconstitutional claims for modification of

this probation condition.  We remand this matter to the single justice for further proceedings consistent with this opinion.

<u>So ordered</u>.
