RENDERED:  MARCH 6, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0477-MR

SERGIO MENDEZ FAIN                                        APPELLANT


                        APPEAL FROM KENTON CIRCUIT COURT
v.                      HONORABLE KATHLEEN LAPE, JUDGE
                        ACTION NO. 16-CR-00364


COMMONWEALTH OF KENTUCKY                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND ECKERLE, JUDGES.

ACREE, JUDGE:  Sergio Fain appeals the Kenton Circuit's Court's denial of his

motion to transfer administration of his sentence of probation to Ohio.  We affirm.

Fain pleaded guilty to first-degree possession of a controlled

substance and tampering with physical evidence.  In July 2017, the trial court

sentenced him to eighteen-months' incarceration, probated for three years.

The Commonwealth sought to revoke his probation in 2018 and again in 2019 based on new charges and convictions Fain incurred in Ohio. On both occasions, the trial court found Fain violated his probation and issued arrest warrants. It was not until January 2024 that Fain was captured and brought before the trial court.[1]

Fain stipulated to violations related to the Ohio convictions. The trial court might have revoked probation and compelled Fain's incarcerated residency in Kentucky. Instead, on March 12, 2024, the trial court ordered Fain's probation extended by two years and imposed a new requirement that Fain "[m]ust live in Kentucky." (Record (R.) 95). That created a problem for Fain of his own making.

Fain never mentioned he was already "on supervised release in Ohio" and subject to "home placement with his mother" who resided there. (R. 97). He thus was ordered by separate courts in separate jurisdictions to reside in separate states simultaneously. Still, he did not appeal this sentencing order.[2]

---

[1] Although five years had passed, Fain's probation never reached the point of discharge because of the pending arrest warrants. *Commonwealth v. Tapp*, 497 S.W.3d 239, 242 (Ky. 2016) ("probation is automatically discharged upon completion of a probationary period unless it has been revoked or an arrest warrant is pending. If neither condition exists, the trial court loses jurisdiction both to revoke and to modify the conditions of probation. A warrant remains 'pending' until the defendant is brought before the court at which time, given probable cause to do so, the court may extend the probationary period for a reasonable time until a revocation hearing can be held").

[2] Although the trial court's March 2024 order did not include finality language and "can subsequently be modified or revoked, a judgment which includes such a sentence shall constitute a final judgment for purposes of appeal." Kentucky Revised Statute (KRS) 533.020(5).

Instead, Fain moved "to transfer his sentence of probation to the State of Ohio[.]" (R. 98). The trial court denied the motion on April 15, 2024. (R. 101). On April 22, 2024, Fain appealed that order.

**ANALYSIS**

Fain treats his appeal as if it were taken from the trial court's March 12, 2024, order. He urges us to find the trial court's requirement of his residency in Kentucky when Ohio already required his residency in Ohio to be an unreasonable condition of probation. (Appellant's Brief 1). The time to seek review of that decision expired on April 12, 2024. Fain certainly waived that argument.

The real subject of review is the trial court's April 15, 2024, order denying Fain's "Motion to Transfer Probation" to Ohio's equivalent of our own Division of Probation and Parole. Fain timely appealed that order.

The Commonwealth's first argument is that the subject order is not a final and appealable order but an interlocutory one for which this Court lacks appellate jurisdiction. Although not totally lacking merit, it fails to reach the heart of the issue—whether authority exists that would have allowed the trial court to even rule on the motion to transfer. We conclude such authority does not exist.

Neither party identifies any authority allowing the trial court to entertain such a motion. Certainly, there is no authority that would authorize a

Kentucky judicial branch jurist to compel an Ohio executive branch agency to supervise one of our state's convicts. That would require interstate cooperation.

Fortunately, we are aware, and now make the parties aware if they were not already aware, that Kentucky was one of the first to sign onto a compact among the states to facilitate interstate cooperation in such circumstances as these. KRS 439.561 *et seq.*

"The Interstate Compact for Adult Offender Supervision ("the Compact") . . . permits the transfer of supervision of parolees, probationers, and supervised releasees from one state to another." 75 A.L.R. 6th 181 (2012). *See Selby v. Hall*, No. 2010-CA-000798-MR, 2010 WL 5128722, at *1 (Ky. App. Dec. 17, 2010) (Kentucky parolee "transferred to the state of Indiana under the Interstate Compact for Adult Offender Supervision." (citing KRS 439.561)). Each state's "Compact administrator" is "responsible for the administration and management of the state's supervision *and transfer* of offenders subject to the terms of this compact, the rules adopted by the interstate commission, and policies adopted by the state council under this compact." KRS 439.561, Art. II, C. (emphasis added). Kentucky's Compact Administrator heads the Kentucky Council for Interstate Adult Offender Supervision. KRS 439.562(2)(b).

The legislature authorized the Department of Corrections to "promulgate administrative regulations necessary to administer the Interstate

Compact for Adult Offender Supervision." KRS 439.562(7). By means of 501 KAR[3] 6:270 Sec. 1.(1), the Justice and Public Safety Cabinet and Department of Corrections incorporated by reference certain "Probation and Parole Policies and Procedures," including CPP[4] 27-14-01, which addresses all Kentucky obligations under the Compact. Section II.B. of CPP 27-14-01 is entitled "Interstate Transfer Eligibility Criteria" and states:

> An offender under the jurisdiction of the Division of Probation and Parole shall be processed in accordance with the provisions of the interstate compact since *it is the sole authority which may permit the planned and organized movement of an offender from state to state for supervision.*

(Emphasis added.)

The policy's section II.C. explains the "Interstate Transfer Process." Fain should have pursued his request in that executive branch forum, being mindful, however, that "an offender has no right to transfer supervision to another state." CPP 27-14-01, II.B.3. We might presume the Compact addresses the impracticability of satisfying conflicting or even incompatible probation conditions. *See Goe v. Commissioner of Probation*, 46 N.E.3d 997, 999 (Mass. 2016) (defendant sought transfer from Connecticut, where he was prohibited from

---

[3] Kentucky Administrative Regulations.

[4] Corrections Policies and Procedures.

leaving the state, to Massachusetts). Under the legislative scheme, it must be a responsibility of the executive branch at least in the first instance.

Clearly, the legislature empowered the Department of Corrections the "sole authority" for granting the relief Fain seeks. "And where an administrative remedy is provided by the statute, relief must be sought from the administrative body and this remedy exhausted before the courts will take hold." *Goodwin v. City of Louisville*, 215 S.W.2d 557, 559 (Ky. 1948). Until Fain exhausts the Compact's administrative process, our courts' participation is premature. Because the trial court lacks the authority to grant the relief Fain sought, we must affirm its denial.

## CONCLUSION

For the foregoing reasons, the Kenton Circuit Court's April 15, 2024, Order is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Brandy K. Lawrence Barrett
Warsaw, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky