The defendant, William Damon, appeals from an order finding him in violation of probation. He also appeals from an order denying his motion to withdraw guilty pleas in a subsequent case, arguing that the pleas were not voluntary and intelligent and that plea counsel was ineffective in failing to inform him that he could appeal the earlier probation violation order. We affirm.
Background. In 2012, the defendant was charged with, and in 2013 he pleaded guilty to, four counts of violating an order pursuant to G. L. c. 209A, § 7 (209A order or no-contact order). The order required no contact with the plaintiff-grandmother or with her juvenile granddaughter (the defendant's step-daughter) Ann,[2] and that the defendant stay away from the home where the grandmother, Ann, and Ann's mother (the defendant's wife) all lived. The judge sentenced the defendant to two years committed in the house of correction on counts one to three, and three years of probation on the fourth count.
As conditions of probation, the defendant was required to "abide by 209A" and "to stay away [from] and have no contact [with] the named victim," Ann. Defense counsel sought to clarify the import of the 209A order, given that it did not bar him from contacting his wife, who lived at the same address. In response, the judge verified with the defendant that his wife had a cellular telephone and then instructed him, "Don't call the house phone. Don't call where you think someone else who is on the restraining order could possibly answer. If someone picks up her cell phone, I mean, that's a different story."
In 2015, the defendant was served with a notice of probation violation, alleging a failure to abide by G. L. c. 209A and a violation of the existing 209A order, and a criminal complaint alleging two violations of the same 209A order. At the probation violation hearing, the judge, who had been the sentencing judge at the defendant's 2013 hearing, heard Ann testify that on a recent evening at approximately 11:45 P.M. , she answered the house telephone and recognized the defendant's voice. The defendant "said hello and asked me if I was [Ann], and I said yes.... He [also] asked me if my mother was home." The judge credited Ann's testimony, rejected the defendant's argument that his contact with Ann was merely incidental to his attempt to reach his wife, and found that the contact was "an intentional act." The judge further found the defendant in violation of probation, revoked his probation, and sentenced him to two and one-half years in the house of correction.
Defense counsel, who was also counsel in the pending criminal matter, then asked the judge whether he was willing to impose sentences on the new charges that would be concurrent with the probation violation sentence just imposed, stating that "[i]t's better than going to trial and getting from and after." The Commonwealth stated that it had intended to recommend from-and-after time. The judge expressed his inclination to impose concurrent sentences but postponed the pleas until the defendant was in "the right frame of mind."
At a subsequent hearing, a second judge engaged in a plea colloquy, the adequacy of which the defendant does not challenge, and then accepted the defendant's guilty pleas to the two counts of violating the 209A order. For each offense the judge imposed a two and one-half year sentence in the house of correction, to be served concurrently with the probation violation sentence.
In 2016, represented by new counsel, the defendant obtained leave from a single justice of this court to file an untimely notice of appeal from the order finding him in violation of probation. The defendant also moved to withdraw his guilty pleas to the 2015 charges. As grounds, he asserted that the pleas were not made voluntarily and intelligently, due to counsel's failure to inform him of his right to appeal from the probation violation finding, and resulted from ineffective assistance of counsel. The motion was heard and denied by the same judge who had presided over the 2013 pleas and sentencing hearing and the 2015 probation revocation hearing. The defendant appealed.
Discussion. 1. Probation violation. The defendant argues that his 2015 telephone contact with Ann was "incidental," leaving insufficient evidence to support the judge's finding of a probation violation. We disagree.
The question is whether the defendant "more likely than not violated the conditions of his probation." Commonwealth v. Kelsey, 464 Mass. 315, 324 (2013). See Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001) ( "standard of proof in a probation revocation proceeding is the civil standard of preponderance of the evidence").
We see no clear error in the judge's finding of fact, after considering the defendant's argument, that the defendant's contact with the juvenile was not incidental, but instead "an intentional act," and thus a probation violation. See Commonwealth v. Leger, 52 Mass. App. Ct. 232, 238 (2001) ("question of fact whether the defendant's telephone calls ... were permissible incidental contact"). "[T]he Commonwealth is not required to prove that the defendant actually intended to violate the order, but only to prove that the act constituting the violation was voluntary." Commonwealth v. Silva, 431 Mass. 194, 200 (2000). Proof of a telephone call is sufficient to sustain a conviction of violating a no-contact order. See Commonwealth v. Mendonca, 50 Mass. App. Ct. 684, 687 (2001).
The cases that the defendant relies on to argue that his contact with Ann was merely incidental are inapposite. They involved 209A orders that did not prohibit a defendant from contacting his children by telephone at the home of a protected parent; i.e., they permitted contact that could not be achieved without risk of incidental contact with the parent. See Silva, 431 Mass. at 198 ; Leger, 52 Mass. App. Ct. at 236. Here, the judge was entitled to reject the defendant's claim of unavoidable incidental contact, where he could communicate with Ann's mother, who had a cell phone, without risk of contact with Ann herself. Nor was the judge required to credit counsel's argument[3] that, because the defendant called at 11:45 P.M. , he "could not reasonably have been expected to know[ ] that the protected person would be present." Commonwealth v. Raymond, 54 Mass. App. Ct. 488, 493 (2002). The defendant knew that Ann lived at the home, and, contrary to counsel's argument, it is not unreasonable to think that Ann, being thirteen years old, might be awake, or awakened, to answer the house telephone at that hour, particularly where the defendant had the no-risk option of calling his wife's cell phone.
In evaluating counsel's proffered explanation for the call, compare Leger, 52 Mass. App. Ct. at 238 (question of fact whether defendant's explanation of phone call was pretextual), it was also within the judge's discretion to consider his prior emphatic and unambiguous instruction to the defendant at the 2013 hearing: "Don't call the house phone." See generally, Commonwealth v. Christian, 46 Mass. App. Ct. 477, 482 n.5, S.C., 429 Mass. 1022 (1999) ("To the extent possible, it is desirable that probation revocation hearings be heard by the judge who placed the defendant on probation in the first instance").
2. Motion to withdraw guilty pleas. a. Intelligent and voluntary entry of guilty pleas. The defendant contends that the guilty pleas he entered in the 2015 criminal case were not made intelligently, because counsel had not apprised him of his right to appeal the order in the 2012 case finding him in violation of probation. The defendant argues that, "[b]elieving that he would inevitably serve the entirety of the two and one-half year sentence imposed in the 2012 case, [he] had little to gain by exercising his right to a trial in the 2015 case." He further contends that his guilty pleas were not made voluntarily, because they were "improperly induced" by a revocation of probation "unsupported by the evidence," and because he did not know that he had a right to appeal that revocation. We disagree.
"A motion for a new trial pursuant to Mass.R.Crim.P. 30(b) is the proper vehicle by which to seek to vacate a guilty plea." Commonwealth v. Scott, 467 Mass. 336, 344 (2014). On appeal of a ruling on a motion for a new trial, we review for "a significant error of law or other abuse of discretion," and we "show special deference to the judge's decision on a motion for a new trial when that judge also was the plea or trial judge." Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017).
The defendant does not contend that his pleas were not made intelligently in the usual sense. See Commonwealth v. Correa, 43 Mass. App. Ct. 714, 717 (1997) ( "A plea is intelligently made when the defendant has knowledge of the elements of the charges against him ... [and] of the procedural protections that he would forego by pleading guilty"). Nor does he argue that his pleas were not made voluntarily in the usual sense. See ibid., quoting from Commonwealth v. Duest, 30 Mass. App. Ct. 623, 631 (1991) (voluntariness "requires that the defendant tender the plea free 'from coercion, duress, or improper inducements' ").
The defendant instead relies on the statement in Scott that "a defendant's guilty plea ... may be vacated as involuntary because of external circumstances or information that later comes to light." 467 Mass. at 345. He argues that when he pleaded guilty to the 2015 criminal charges, his lack of knowledge that he could appeal the related probation violation finding, coupled with his later being informed of that right, constituted "external circumstances or information" that made his pleas involuntary. The defendant stretches this concept well beyond Scott, which involved the government's falsification of evidence in the very case in which the defendant had originally pleaded guilty. Id. at 346-354. Here, in contrast, the defendant sought to withdraw his guilty pleas in one case based on information (or a lack thereof) in an earlier and different (albeit related) case; the defendant cites no precedent for accepting such an argument. Thus, in denying the defendant's motion, the judge here did not err in concluding that "the failure to advise in the probation case is collateral to the decision-making process in the then-pending criminal cases."
Even if Scott extended as far as the defendant argues, he still fails to satisfy Scott's further requirement that he "demonstrate a reasonable probability that he would not have pleaded guilty had he known" of the external circumstance or information. Id. at 355. "[T]he reasonable probability standard mirrors our formulation of the test for prejudice in cases in which a defendant claims that counsel's ineffective assistance induced the defendant to plead guilty." Id. at 356. Under this test, the defendant "must demonstrate a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Ibid. The defendant must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Ibid., quoting from Commonwealth v. Clarke, 460 Mass. 30, 47 (2011). This the defendant cannot do.
Here, in denying the defendant's motion, the judge reasonably concluded that by pleading guilty to the 2015 criminal charges, the defendant received what the judge termed "a tremendous benefit ... of concurrent sentences," i.e., concurrent with the sentence the defendant was already serving for violating his probation. Compare Commonwealth v. Furr, 454 Mass. 101, 112 (2009) ( "[T]he highly generous sentence recommendation that the defendant received in light of the offenses with which he was charged strongly supports the conclusion that the defendant chose voluntarily to plead to those offenses"). The judge committed no error in considering that the Commonwealth had recommended from-and-after time prior to sentencing; that there was "zero chance" he would have stayed the defendant's probation violation sentence had the defendant filed an appeal in that matter and sought a stay pending appeal; and that "given his history and the facts of the cases," the concurrent sentences received were a "tremendous benefit." Implicit in the judge's reasoning, as well as his amply supported finding of fact that the defendant's contact with Ann was intentional rather than incidental, is the conclusion that it would have been irrational for the defendant to reject the concurrent sentences and insist on going to trial. See Furr, 454 Mass. at 112 ("The judge could consider the defendant's prior record to support the conclusion that his plea was likely to have been voluntarily made").
b. Ineffective assistance of counsel. Where a claim of ineffective assistance is directed to counsel's representation incident to a guilty plea, the second prong of Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), requires a defendant to show that "(1) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,... and (2) that a decision to reject the plea bargain would have been rational under the circumstances." Commonwealth v. Sylvain, 466 Mass. 422, 438 (2013) (quotations omitted).
The defendant argues that because counsel did not inform him at the time of his 2015 guilty pleas that he could appeal the then-recent order finding him in violation of probation, he received ineffective assistance of counsel and is therefore entitled to withdraw the pleas.[4] We disagree.
Even if counsel's failure to advise of the right to appeal satisfies Saferian' s first prong, we have already concluded in our discussion of Scott, supra, that the defendant has failed to show the prejudice required under Saferian's second prong. He has not established a "reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial," or persuaded the judge, or us, that "a decision to reject the plea bargain would have been rational under the circumstances." Scott, 467 Mass. at 356. The judge did not err or abuse his discretion in concluding that "there was no ineffective assistance under the circumstances."
Conclusion. The June 2, 2015, order finding the defendant in violation of probation and revoking his probation is affirmed. The June 2, 2016, order denying the defendant's motion to withdraw his guilty pleas is affirmed.
So ordered.
Affirmed.

A pseudonym.

The defendant himself did not testify during the portion of the hearing concerning whether he had violated his probation.

He does not argue that counsel's performance deprived him of the right to appeal the finding of a probation violation itself; as discussed supra, he obtained leave to file a late notice of appeal, and we reject that appeal on its merits.